42977.   BOLLING v. SAMPLES et al.

ARGUED SEPTEMBER 7, 1967—DECIDED DECEMBER 5, 1967—REHEARING DENIED DECEMBER 20, 1967.

*Robinson, Thompson, Buice & Harben, B. Carl Buice,* for appellant.

*Leon Boling, Richard Neville,* for appellees.

BELL, Presiding Judge. 26 U. S. C. § 6321 provides for a lien on all property and rights to property belonging to a taxpayer who neglects or refuses to pay internal revenue taxes after demand. This lien is effective from the time the assessment is made (26 U. S. C. § 6322), and may be enforced by levy pursuant to 26 U. S. C. § 6331 upon all property and rights to property belonging to the taxpayer, or on which there is a lien provided, with the exception of specific exemptions provided by 26 U. S. C. § 6334, which is not applicable here. 26 U. S. C. § 6332 (a) provides: "Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process." Anyone failing to comply with the foregoing provision "shall be liable in his own person and estate." 26 U. S. C. § 6332 (b).

The effect of a levy directed to a debtor of the taxpayer was discussed in United States v. Eiland, 223 F2d 118, 121 (4th Cir.). The court there held: "There can be no question, we think, but that the lien for taxes provided by the statute can be asserted against intangible property such as a debt. . . And we think it equally clear that the proper way to assert the lien is by levy and notice such as was served here. . . The

effect of the federal taxing statutes to which we have referred is to create a statutory attachment and garnishment in which the service of notice provided by statute takes the place of the court process in the ordinary garnishment proceeding. There is no necessity for adjudicating the amount of the tax under the statutory proceeding . . . and, consequently, the service of such notice results in what is virtually a transfer to the government of the indebtedness, or the amount thereof necessary to pay the tax, so that payment to the government pursuant to the levy and notice is a complete defense to the debtor against any action brought against him on account of the debt." See also United States v. Metropolitan Life Ins. Co., 256 F2d 17, 23 (4th Cir.); Hoye v. United States, 277 F2d 116, 120 (9th Cir.).

The notice of levy in the instant case was executive process, comparable to judicial process, valid on its face against any indebtedness owed by the defendant debtor to the taxpayer as of the date of issuance of the levy, providing the indebtedness had not been paid before service of the notice upon the debtor. Thus the levy was effective against the debt sued for notwithstanding that the taxpayer had transferred all its interest to plaintiff between the date of issuance and the date of service. This is true because 26 U. S. C. § 6331 provides for levy not only on property belonging to the taxpayer, but also on property on which a lien is provided by 26 U. S. C. Ch. 64.

While a debtor is protected by compliance with the notice of levy, he may act in defiance of the levy only at his own peril. 26 U. S. C. § 6332 (b). The Internal Revenue Code makes no provision for the debtor to contest the correctness of the assessment or the validity of the lien. Thus these issues are immaterial to him. The judgment therefore was not unauthorized although the stipulated facts failed to show that demand had been made on the taxpayer prerequisite to a valid lien against the obligation owed by defendant.

For the same reason the judgment was not unauthorized although notice of the lien had not been filed pursuant to 26 U. S. C. § 6323 (a), which provides: "Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not

be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate . . . in the office designated by the law of the State or Territory in which the property subject to the lien is situated. . ." See *Code* § 67-2601. Moreover, the stipulated facts showed merely that the plaintiff's status in relation to the obligation was that of an assignee. A mere assignee is not within the class of persons protected by 26 U. S. C. § 6323 (a). Bankhead v. Maryland Cas. Co., 197 FSupp. 879, 882. And this section has reference to liens on tangible property having a situs, not to the levy upon or the transfer of debts. United States v. Eiland, 223 F2d 118, 122, supra; United States v. Jacobs, 155 FSupp. 182, 190; United States v. Salerno, 222 FSupp. 664, 670.

Note: The citations to the U. S. C. are made with reference to the provisions of the U. S. C. extant at the time governing this case.

*Judgment affirmed. Pannell and Whitman, JJ., concur.*