27981. FARRIS et al. v. UNITED STATES et al.

INGRAM, Justice. This is an interpleader case, brought under § 37-1503 of the Georgia Code, which was dismissed in Fulton Superior Court for failure to state a claim. Appellants have come here insisting that this was error because they "are faced with impending foreclosure of liens against their land, potential liability in excess of the contract price for the improvement of their property, and uncertain liability in multiple lawsuits." Appellants state they have only a limited fund out of which to dispose of all these claims, and they desire, as disinterested stakeholders, to pay the fund into court for distribution amongst the various and sundry claimants in accordance with priorities to be determined by the court.

The trial court dismissed the case on the theory that the interpleader claimants did not all have claims against the same property or fund, in effect holding that one claim was only against the realty of several of the appellants while other claims were against only money held by appellants which was owed to a bankrupt subcontractor (the fund), while still another claim was an in personam claim against only one of the appellants on a check. The trial court also noted in its order that the appellants' liability might extend beyond the fund and decided this was not a proper case for interpleader.

Code Ann. § 37-1503 provides that: "Whenever a person shall be possessed of property, or funds, or owe a debt or duty, to which more than one person shall lay claim of such a character as to render it doubtful or dangerous for the holder to act, he may apply to equity to compel the claimants to interplead." This is the classic statutory interpleader and its requirements have been liberalized to some extent by Code Ann. § 81A-122 (Rule 22, CPA) which provides that: "(a) Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another or that the plaintiff avers that he is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross claim or counterclaim. The provisions of this section supplement and do not in any way limit the joinder of parties permitted in section 81A-120. (b) The remedy herein provided is in addition to and in no way supersedes or limits the

remedy of equitable interpleader provided for in sections 37-1503, 37-1504, and 37-1505 of the Code of Georgia."

A comparison of these different sections of our annotated Code reveals the remedial nature of the latter. Under the equitable interpleader statute certain basic requirements must be satisfied to obtain relief. Four of those requirements were enumerated in *Almand v. Reese*, 209 Ga. 138, 142 (71 SE2d 223), as follows: "(1) The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded; (2) all their adverse titles or claims must be dependent, or be derived, from a common source; (3) the plaintiff must not have or claim any interest in the subject matter; (4) the plaintiff must have incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder." On the other hand, *Algernon Blair v. Trust Co. of Ga.*, 224 Ga. 118 (160 SE2d 395) is the leading case decided by this court under the so-called liberalized interpleader provisions of the Civil Practice Act. It is a case which held that the complaint stated a claim for relief as it showed the petitioner faced the risk of having to defend a multiplicity of lawsuits which might be brought against him by the various claimants to the fund which he held. But that case does not authorize interpleader in a case which fails to show that the claims, sought to be interpleaded, are against the petitioner, are against the same fund held by petitioner, and are adverse, i.e., may expose the petitioner to double or multiple liability.

Turning to the claims which appellants seek to interplead in this case, we find: (1) The claim of the Breman Steel Company, Inc., which is not against the fund, but is a materialman's lien against several of the appellants' realty; (2) the claim of the U. S. Government for taxes which is against the fund; (3) the

claims of materialmen Toma Steel Products, Inc., and Nucor Corporation of America which are against the fund because their claims of lien against the realty were not asserted within the statutory period for materialmen's liens; and (4) the claim of Sidney S. Gulden who seeks a judgment on a check against only one of the appellants.

Do these diverse claimants seeking different remedies meet the requirements of the statute? We think not. Breman's claim is not against the fund but is against the realty and it is not adverse to the other claimants. It is true that the claims of the United States Government, Toma Steel and Nucor Corporation are to the same fund but they are not adverse claims as required in interpleader cases. See *Bolling v. Samples,* 117 Ga. App. 38 (159 SE2d 727) (1967), and Bank of America Nat. Trust &c. Assn. v. Mamakos, 57 FRD 198 (1972). The claim of Gulden is not against the fund because it is an in personam action on a check against one of the appellants, Farris Industries, and no claim is made against the fund by Gulden.

Although a complaint should not be dismissed if any relief can be granted, the trial court must be affirmed in this case because the requirements necessary for interpleader relief have not been satisfied.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 12, 1973 — DECIDED SEPTEMBER 5, 1973.

*Peek, Whaley & Haldi, C. Glenn Stanford,* for appellants.

*Haas, Holland, Levison & Gibert, Harold D. Corlew, Fred W. Minter, John M. Longley, William Mallard, Lewis N. Jones,* for appellees.