### 53818. KIMBRELL v. FIRST NATIONAL BANK OF DEKALB COUNTY.

MARSHALL, Judge.

This suit arose from a notice of levy served by the Internal Revenue Service on the appellee bank demanding that funds in the possession of the bank belonging to the appellant (who was represented by the IRS to be a delinquent taxpayer) be paid to the IRS to satisfy a substantial tax delinquency. Pursuant to this levy, the bank removed the sum of $9.77, the entire amount deposited with the bank by Kimbrell and

forwarded it to the IRS. Kimbrell brought suit for an alleged unlawful conversion of his assets, complaining that the notice of levy was unlawful for a variety of reasons, that the bank was aware of Kimbrell's allegations of illegality, but that the bank honored it notwithstanding. Kimbrell sought $5,000,000 damages. Upon the appellee bank's motion to dismiss for failure to state a claim for which relief could be granted, the court granted said motion and dismissed the appellant's complaint. The appeal emanates from that order. The sole question is whether there is any set of facts provable in support of Kimbrell's complaint which would authorize a claim against the bank for which relief could be granted. *Held:*

This action is based solely upon the removal of the sum of $9.77 from the appellant's account with the bank pursuant to a notice of levy issued by the IRS of the United States Government. Such procedure is expressly authorized by Title 26, United States Code § 6331 (a), which provides substantially, that, if a taxpayer neglects or refuses to pay taxes when due and within ten days after notice and demand, it is lawful to collect such taxes by levy upon the property belonging to the delinquent taxpayer. Subsection (c) of that same section provides that, if the holder of property belonging to the delinquent taxpayer fails or refuses to comply with the notice of levy, the individual or entity so holding and failing to comply shall be liable, including interest and costs of collection, as well as penalties. Subsection (d) of the same section establishes that the individual or entity complying with such a notice of levy is discharged from any obligation or liability to the delinquent taxpayer with respect to such property arising from such surrender or payment. In light of this express statutory provision for immunity, any claim that might otherwise accrue in favor of Kimbrell is barred. It follows that no state of facts arising out of the allegations of the complaint and provable by the appellant in support thereof would set forth any claim against the appellee bank. *Bolling v. Samples,* 117 Ga. App. 38 (159 SE2d 727) (1967). There being no claim, the appellant was not denied due process of law by being denied a jury trial on the same. The trial court did not err

in granting the appellee's motion to dismiss.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED MAY 4, 1977 — DECIDED JUNE 9, 1977.

Glenn A. Kimbrell, Jr., *pro se.*

*Swertfeger, Scott & Turnage, Donald F. Crane, Jr.,* for appellee.