13 So.2d 772

### HACKNEY v. GRIFFIN.

#### 7 Div. 733.

Supreme Court of Alabama.

April 15, 1943.

Rehearing Denied May 27, 1943.

Embry & Weaver, of Pell City, for appellee.

Ross Blackmon, of Anniston, for appellant.

362

BROWN, Justice.

The litigation reflected by this appeal originated October 3, 1942, before the Inferior Court of Talladega, in a proceeding authorized by § 35, T. 31, Code 1940, to oust appellant Hackney from the possession of a tenement described in the affidavit as being "known as the Lanier home at the corner of 3rd Avenue and Chestnut Street, in the Town of Lincoln, Alabama," the possession of which the said Hackney refused to surrender after demand therefor had been made.

Writ of possession was issued and the defendant in the proceeding made counter-affidavit as authorized by § 37 of said chapter, and delivered the same to the sheriff who had the writ of possession for service, and the proceedings were then returned to the Inferior Court as authorized by § 39 of said chapter. The defendant suffered judgment by default, and thereafter sued out statutory certiorari and removed the proceedings to the circuit court for trial de novo. While the case was pending in the circuit court the parties entered into written agreement, a copy of which is made exhibit to the bill, to the effect that Hackney and his family could "occupy the three rooms of the south side of the Lanier house in Lincoln and to use the back porch for storage purposes at a monthly rental of $10.00 per month while the balance of the house is being renovated [and], the house divided into two apartments. After the apartment on the North side of the house is completed J. W. Hackney and family agrees to immediately vacate the south apartment and, if he desires, occupy the north apartment at a rental to be approved by the O. P. A. office."

It was also agreed between the parties that Griffin, the landlord, might begin work on the house immediately. That the suit then pending in the circuit court should be dismissed at the cost of the defendant. The suit was dismissed in pursuance of said agreement and Hackney paid the costs. A controversy then arose between the parties in respect to who should repair the roof of the back porch so that it could be used by Hackney and his family for storage purposes. Hackney refused to vacate the north rooms so that the work of remodeling and repairing could proceed, and Griffin, the plaintiff, thereupon moved in the proceedings for ouster, to restore the case to the docket for trial, but before judgment of the court was invoked on said motion, it was withdrawn by the movant.

This bill was then filed to restrain and enjoin Hackney and his family from interfering with work of repairing and remodeling the house, and temporary injunction was granted.

The defendant answered the bill, filed a motion to dissolve the temporary injunction for want of equity in the bill, and upon the denials of the answer, the cause was submitted on the motion with proof and counter proof.

Appellant's contentions, to state them in the order argued, are: First. That the proceedings instituted by the complainant Griffin to oust the respondent from the possession of the tenement was without color of right and the written contract upon which the equity of the bill is rested is without consideration and therefore void. Second. That the complainant, who was plaintiff in the ouster proceedings, is estopped to claim any rights under said contract in consequence of the motion made in said proceeding to reinstate it upon the docket for trial.

Said ouster proceedings were instituted on the 3rd of October, 1942, and the answer in this case alleges that the respondent Hackney leased the tenement from the owner Lanier and has occupied the same for approximately seven years from year to

year, and was so occupying the same on the 15th day of September, 1942, with the right to continue for the unexpired term, "until to wit April 1st, 1943." That complainant had knowledge of respondent's leasehold interest in the property at the time he purchased the same as alleged in the bill at a mortgage foreclosure sale. That said complainant continued to accept the rent from the respondent until the 16th day of December, 1942, and give his receipt therefor.

■ So far as appears from the record before us, the alleged leasehold of the respondent under Lanier rested in parol, and if for a longer period than one year was void under the statute of frauds. Code 1940, T. 20, § 3. But if, as the answer alleges, the lease had been renewed for the current year ending April 1st, 1943, and the rent had been paid by the tenant from month to month and the landlord had been receiving the same, the lease could not be terminated except by lapse of time, or by forfeiture for breach of its terms or conditions. If the plaintiff in the ouster proceedings relied on such forfeiture, it was incumbent on him to show notice in writing as provided by Code 1940, T. 31, § 6. In the absence of such termination by lapse of time or forfeiture, the demand for possession as the basis of the ouster proceeding is wholly inefficacious to terminate the lease. Garrett v. Reid, ante, p. 254, 13 So.2d 97. The jurisdiction conferred by said Chapter 3, T. 31, Code 1940, is statutory and limited and the previous termination or forfeiture of such possessory right is essential to the jurisdiction conferred. Wiley v. State, 117 Ala. 158, 23 So. 690.

■■ Moreover by the acts of the parties, the respondent in paying the rent and the complainant in receiving the same and receipting therefor, established the relation of landlord and tenant between themselves, and the complainant by taking the rent after he instituted the ouster proceedings ratified the letting for the term and was estopped from prosecuting the ouster proceedings.

■■ So, also, by thus establishing the relation the defendant as tenant was estopped to dispute his landlord's title, and it was within the competency of the parties, they being sui juris, by mutual consent, to change the terms of the lease. This was accomplished by the written contract made exhibit to the bill. Wood et al. v. Lett et al., 195 Ala. 601, 71 So. 177.

■ The other contention of the appellant is equally without merit. Although the complainant filed a motion to reinstate the ouster proceedings after their dismissal by the agreement of the parties, he withdrew the motion without invoking judicial action thereon. If complainant had pressed the motion and secured favorable action of the court thereon, he would have been estopped to claim under the written contract of settlement. Sealy et al. v. Lake, 243 Ala. 396, 10 So.2d 364.

■ We are therefore of opinion that the trial court ruled correctly in sustaining the temporary injunction and overruling the motion to dissolve. The decree does not make the injunction perpetual. That is a matter to be determined on final submission on pleading and proof.

Affirmed.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.

## On Rehearing.

BROWN, Justice.

■ The appellant insists on rehearing that the motion of the complainant in the statutory proceeding on the law docket which went to the circuit court on appeal was reinstated on motion of complainant and is now pending. This fact was not asserted in the answer nor was it stressed on the hearing on submission on this appeal and as we construe the record it does not support this fact.

The record shows that the bill was filed on the 28th of November, 1942; that the proceeding in the circuit court on the law docket was settled between the parties and dismissed and defendant taxed with the costs on November 16, 1942; that motion was made on November 19, 1942, by plaintiff's attorney to reinstate the case for trial November 23, 1942; that this motion was withdrawn by separate paper filed signed by plaintiff's attorney on the 12th day of December, 1942. The only evidence in the record is the evidence offered by the defendant on this question consisting of the separate paper withdrawing the motion and the bench notes, which are not, in fact, competent evidence, but as we construe the bench notes, they do not show that the motion to reinstate was granted by the court and the cause restored to the docket.

If in fact the case was restored to the trial docket on the motion of complainant, this would be a breach of the settlement agreement between the parties, and is a matter that can be presented to the circuit court by another motion to dissolve the injunction.

So far as appears from the record here, the application is without merit, and is overruled.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.