308 So.2d 686

John C. RAY and Richard M. Plough

v.

MIDFIELD PARK, INC.

SC 742.

Supreme Court of Alabama.

Feb. 13, 1975.

Rehearing Denied March 6, 1975.

Collins & Johnston, Birmingham, for appellants.

**610**

Stone, Patton & Kierce, Bessemer, for appellee.

## ON REHEARING

MADDOX, Justice.

The sole question presented here is: Was summary judgment appropriate? The case has been here before. Ray and Plough v. Midfield Park, Inc., 289 Ala. 137, 266 So.2d 291 (1972). The facts surrounding the controversy are contained in that opinion and are not set out fully here, but succinctly stated, the dispute involves the question of whether the lessee gave notice to renew his lease within the time set out in the lease.

Lessor claims that lessee failed to give proper notice to renew and filed a declaratory judgment action to have its rights determined. The matter has been in court since that time.

After this Court remanded the case to the trial court, the lessor filed a motion for summary judgment. Even though the motion was styled a motion for summary judgment, it was in the nature of a motion for judgment on the pleadings (Rule 12(b) and (c), Alabama Rules of Civil Procedure), because no additional matter was presented by the lessor, as movant, to support its allegation that there was not a genuine issue of a material fact in the case and that it was entitled to a judgment as a matter of law. The problem here is not whether we call the pleading a motion for a judgment on the pleadings or a motion for summary judgment. The question is whether the lessor has sustained its burden to show that it was entitled to judgment under established principles. We think the movant failed to sustain its burden in this case.

The only evidence in support of the motion which the court could consider was the original declaratory judgment complaint; a copy of the lease, which was attached as exhibit 1 to the complaint; a letter from the lessee Ray to lessor Midfield Park, dated March 18, 1969, which purports to be notice by the lessee that he wanted to renew the lease; a copy of a letter from Midfield to Ray dated March 26, 1969, stating that the notice to renew was not exercised within the stipulated time; and a copy of a letter from Ray's attorney dated March 27, 1969 to Midfield which stated, in part, that the notice given by Ray "constituted substantial compliance with the original lease and modification and ratification thereof." Lessor contends that the lease, lessee's allegedly late notice to renew and lessee's attorney's letter show that the lessee did not give notice to renew as required and that it was entitled to a judgment as a matter of law.

Ray and Plough filed no evidence in opposition to the motion for summary judgment. In an amended answer which was contained in the original pleadings, however, they had claimed that the lessor had waived the formal notice to renew, as follows:

"Respondents aver that respondent, R. M. Plough, was the assignee of the lease made Exhibit 1 to the bill of complaint by virtue of its assignment from respondent, John C. Ray, as more fully shown in Paragraph 8A of this answer, the averments of which paragraph are adopted herein. Respondents aver that prior to March 1, 1969, to-wit: October 24, 1968, the respondent, R. M. Plough, and Mrs. R. M. Plough, his wife and employee, acting within the line and scope of her authority as such employee, had one or more conversations with William Phillips, president of complainant, Midfield Park, Inc., at Dickie Plough's Barbecue (the premises covered by the lease herein), and that during said conversation or conversations complainant and respondent, R. M. Plough, agreed on a renewal of said lease; the complainant accepted the verbal notice of renewal of said lease, notwithstanding the provision of the lease requiring written notice of said renewal."

█ The movant offered no evidence to negative the allegations of the lessees that a waiver had occurred. Did the allegation in the answer raise a genuine issue of a material fact? We think so. Therefore, summary judgment was inappropriate.

█ When a movant makes a motion for summary judgment, the burden is upon him to show that there is no genuine issue of a material fact left in the case. As further evidence that a genuine issue of a material fact remained in this case, we set out a portion of the court's order, which affirmatively shows that the trial judge made a *finding of fact* in granting the motion for summary judgment. He held:

"There is no relationship whatsoever between the alleged waiver and the facts and matters that constitute the basis for this action. There can be no waiver

without the intentional relinquishment of a known right. O'Neal v. O'Neal, 284 Ala. 661, 227 So.2d 430. Waiver is based upon knowledge of the material facts incident to the thing waived. Bull v. Armstrong, 254 Ala. 390, 48 So.2d 467; Gulf Trading Co. v. Radcliff, 216 Ala. 645, 114 So. 208. The facts constituting the basis of this controversy did not exist in October, 1968, consequently, the same could not be waived by Midfield Park. Respondents seek to make the waiver an answer to their acts which gave rise to this litigation when their acts, *in fact,* negate the existence of any waiver." (Emphasis added.)

■ In other words, the trial judge determined, *as a matter of fact,* that the waiver which Ray and Plough claimed existed, did not and could not, in fact, exist. On a motion for summary judgment, the trial judge cannot make such factual findings.

■ The ruling we make does not mean a party can always rely upon the allegations and denials of his pleadings to establish a genuine issue of fact. When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere allegations or denials of the pleadings. In fact, it can be perilous for the opposing party neither to proffer any countering evidentiary materials nor to file an affidavit. For instance, had the movant here brought forth evidence to negative the lessee's defense of a waiver, the lessees could not merely rest on the allegation in their answer that a waiver did occur. Yet, the party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden, then he is not entitled to judgment. No defense to an insufficient showing is required. See Moore's Federal Practice, Vol. 6, p. 2825.

The moving party has not met the issue raised by the defense that there was a modification of the written lease agreement which would have allowed the lessees to file their notice at the later time. Consequently, we must send the case back to the trial court again.

The application for rehearing is granted and the original opinion in this case is hereby withdrawn.

The judgment of the trial court granting summary judgment is reversed and the cause is remanded to that court for further proceedings.

Application for rehearing granted; original opinion withdrawn; reversed and remanded.

HEFLIN, C. J., and BLOODWORTH, JONES, ALMON and SHORES, JJ., concur.

MERRILL, FAULKNER and EMBRY, JJ., dissent.

FAULKNER, Justice (dissenting).

The majority opinion is based principally on the theory that the movant for summary judgment must negate the defense of oral waiver by affidavit or some other evidence. Rule 56 does not provide for any such theory. Subdivision (a) permits a claimant to move for a summary judgment "with or without supporting affidavits;" subdivision (b) permits the defending party to move in a similar manner, and subdivision (c) includes the pleadings as a motion for summary judgment. Therefore, a motion for summary judgment may be made wholly on the pleadings. Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161 (1942). In that case the complaint showed on its face that the statute of limitations had run out. In affirming summary judgment the court said:

"Appellant contends that there were issues of material fact because there might possibly be facts which would toll

the statute of limitations and avoid the plea. But he alleged no such facts and raised no such issues. If he had such facts to allege he might have amended his complaint, served affidavits, or asked permission to reply."

In the case before us the answer alleges modification of a written lease by oral agreement—oral waiver of written notice to renew. Thus, the alleged oral waiver violates the Statute of Frauds. § 3, Title 20, Code of Alabama 1940, Recompiled 1958. See Hackney v. Griffin, 244 Ala. 360, 13 So.2d 772 (1943). In Weatherwax v. Heflin, 244 Ala. 210, 12 So.2d 554 (1943), this court said:

"In 118 A.L.R. p. 1511, the general rule on the subject is stated to the effect that a contract required by the statute of frauds to be in writing cannot be modified by subsequent parol agreement . . . ."

I am of the opinion that any modification of the lease in question, which was required to be in writing under our Statute of Frauds, must also be in writing. The oral waiver is a sham defense. Since the allegation of oral waiver showed on its face that it violated the Statute of Frauds, Ray and Plough should have filed evidentiary matter showing that the Statute of Frauds was inapplicable. By not doing so, the pleadings showed there was no genuine issue of a material fact. Midfield did not have to file evidentiary materials to negate a waiver invalid on its face. Midfield rested its case for summary judgment on the pleadings as it could do under Rule 56. It was then up to Ray and Plough to lay some cards on the table.

When the moving party has presented satisfactory moving papers, regardless of the composition thereof, the opposing party cannot create a genuine question of a material fact on the mere strength of his pleadings.

I would affirm the trial court.

MERRILL and EMBRY, JJ., concur.