316 So.2d 334

Lee W. MAPSON, as Administrator, etc.

v.

GOODSON'S GARAGE and Benjamin F. Goodson, etc.

SC 1174.

Supreme Court of Alabama.

July 10, 1975.

———◆———

Gray, Seay & Langford, and Donald V.
Watkins, Montgomery, for appellant.

Thomas H. Keene, Montgomery, for appellees.

FAULKNER, Justice.

Lee W. Mapson filed suit, in the Circuit Court of Montgomery County, against Jessie W. Stevens, and against Benjamin F. Goodson in his individual and business capacity. Mapson alleged in his complaint that his intestate, Cargill, was killed by the negligence or wantonness of Stevens while acting within the line and scope of his employment as the agent, servant, or employee of Goodson. Goodson filed a motion to dismiss and an answer which denied each material allegation of the complaint. Stevens filed an answer of general denial. Subsequently Goodson moved for a summary judgment based on the pleadings and affidavits of Goodson and Stevens. Mapson offered no evidence in opposition to the affidavits. The trial court granted summary judgment. We affirm.

The affidavits show that Stevens was on a personal mission of his own at the time of the accident. He had taken a trash truck owned by Goodson without the permission of Goodson and driven it to Professional Center Hospital to visit his daughter, who was a patient in the hospital. On the return trip from the hospital

to his home the accident occurred. Stevens had not used the truck, or any other Goodson vehicle, on any previous occasion. Stevens did not have a driver's license and therefore did not "road test" any of the vehicles repaired in the garage. Stevens' taking the truck was contrary to the specific instruction of Goodson.

Mapson filed no counter affidavits. He contends the affidavits of Goodson establish ownership of the truck, and an employer-employee relationship between Goodson and Stevens. Consequently the question of agency should be a jury question.

The affidavits of Goodson do not, in themselves, establish agency and Mapson did not introduce a scintilla of evidence to establish agency. Rule 56(e), A.R.C.P. states:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Cf. *Ray v. Midfield Park, Inc.*, 293 Ala. 609, 308 So.2d 686 (1975). This court said, in *Folmar v. Montgomery Fair Company, Inc.*, 293 Ala. 686, 309 So.2d 818 (1975), a summary judgment in a negligence action is rarely appropriate. But, in this case, we are of the opinion that the trial court was correct.

Affirmed.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.