Appellants, Morris E. and Effie Mae Mims, appeal from the grant of a motion for summary judgment against them in favor of appellee, Louisville Title Insurance Company. We affirm.
In January, 1973, appellants Mims purchased an insurance policy from appellee which insured the title to the following property:
 "3. The land referred to in this policy is situated in the County of Chilton, State of Alabama, and is described as follows:
 "Blocks 1, 2, 3, 4 and 5 of Grandview Estates Subdivision as per Map or Plat of said Subdivision recorded in Map Book 4 at Page 169 in the Office of the Judge of Probate of Chilton County, Alabama."
The insurance policy contained, inter alia, the following exclusion:
 "2. Unrecorded easements, if any on, above or below the surface; and any discrepancies or conflicts in boundary lines, and shortage in area or encroachments, if any, which a correct survey or an inspection of the premises would disclose."
In October, 1976, Alton Cleckler and his wife, Betty Inez Cleckler, filed suit against appellants Mims, alleging that the description of the property, appearing above, was *Page 1029 
erroneous. Notice of the pending suit was given appellee Louisville Title, which denied liability under the policy, and, therefore, appellants incurred the costs of defense of the lawsuit and corrected surveys.
On May 30, 1977, appellants Mims brought suit against appellee Louisville Title seeking damages for the costs which they had incurred.
Appellants' original complaint alleged, in pertinent part, that they had incurred expenses which were covered by the policy as a result of the fact "[t]hat the title of said property is defective in that there was a mistake in the survey of said blocks in that there was a mistake in the sizes and descriptions of said block and a mistake in the location of the streets on said survey." Appellee Louisville Title filed a motion to dismiss, which was granted, although appellants were granted leave to amend their complaint.
Subsequently, appellants filed an amended complaint, striking the original complaint in its entirety. In its place, appellants alleged, inter alia, "[t]hat the property as insured did not vest in Morris E. Mims and wife, Effie Mae Mims, a fee simple title in said lands as described in said policy."
Appellee answered appellants' complaint by denying that fee simple title was not vested in appellants and by attaching a copy of the insurance policy. Appellee then moved for summary judgment on the basis of the pleadings and the insurance policy. This motion was granted. This appeal resulted.
When a movant makes a motion for summary judgment, the burden is upon him to show that there is no genuine issue of material fact left in the case. Ray v. Midfield Park, 293 Ala. 609,308 So.2d 686 (1975). Moreover, on a motion for summary judgment all reasonable inferences from the facts are viewed most favorably to the nonmoving party. Tolbert v. Gulsby,333 So.2d 129 (Ala. 1976). Additionally, if there is a scintilla of evidence supporting the nonmoving party, a summary judgment is inappropriate. Wilbanks v. Hartselle Hospital, 334 So.2d 870
(Ala. 1976).
We cannot agree with the appellants that the application of these rules to the case at bar requires reversal.
When a motion for summary judgment is made and supported, an adverse party may not rest upon the mere allegations or denials of the pleadings. In fact, it can be perilous for the opposing party neither to proffer any countering evidence nor to file an affidavit. Ray v. Midfield Park, supra. Since the purpose of a motion for summary judgment is to test evidence to determine if any real issue exists, the failure of the party opposing the motion to offer any affidavits or other testimony to contradict the evidence presented by the moving party leaves the court no alternative but to consider that evidence uncontroverted.Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92
(1976).
The facts in this case were not controverted. The trial judge's grant of appellee's summary judgment motion was proper as a matter of law in that assuming a survey was made, and further assuming said survey was improper as appellants allege, the plain language of the policy's exclusion renders the exclusion appropriate. Thus, appellee was not responsible for the alleged defects.
For the foregoing reasons, therefore, this case is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 1030