This is an appeal from a summary judgment granted in favor of the Alabama Power Company (APCo) in a wrongful death action. We affirm.
For approximately a month prior to August 8, 1973, employees of Jo-Col, Inc., a subcontractor, were involved in grading streets and laying storm sewer lines in what was to be Coronado Estates, a new subdivision in Mobile. This involved the use of heavy equipment, including bulldozers, backhoes, scrapers, and a crane.
After clearing trees and undergrowth from the area, Jo-Col employees had graded the roadbed for the cul-de-sac at Coronado Court. The sewer pipes had been placed on the side of the graded street. Obie Johnson, a Jo-Col employee, was operating a backhoe, digging the hole for the sewer pipe installation. J.C. Jordan, another Jo-Col employee, was operating a forty foot crane which was being used to hook up the pipes and place them in the hole. The crane had been used for this job only two or three days. Walter Campbell, in either his first or second day of employment with Jo-Col, was fastening the sewer pipe to the hook on the end of the crane line. He was also serving as a "flagman" or "second set of eyes" for Mr. Jordan to avoid dangers above and to each side of the crane, especially power lines.
At the time of the accident APCo maintained a 7,200 volt uninsulated power line across the Coronado Court area. The line measured 33 feet 4 inches at the point of low sag where it crossed the cul-de-sac roadbed of Coronado Court. All the Jo-Col employees knew this was an electric line and that they could be injured if the crane being used came into contact with the line. Mr. Jordan and Campbell had a discussion earlier about the necessity of avoiding contact with the line.
Between 10:00 and 11:00 a.m. the morning of August 8, Walter Campbell was hooking the crane line to a piece of pipe when the boom of the crane came in contact with the uninsulated power line. Mr. Campbell was electrocuted. *Page 720 
APCo did not receive a request to service the subdivision and a copy of the subdivision plat until August 21, almost two weeks after the accident. After internal processing, an APCo work order was issued on the Coronado Estates subdivision in November, 1973.
Alice Patricia Campbell, widow of Walter Campbell, on her own behalf and on the behalf of their minor children, filed suit against APCo alleging that its negligence and wantonness resulted in Mr. Campbell's death. On May 24, 1974, the trial court granted APCo's motion to dismiss with leave to Mrs. Campbell to amend. Mrs. Campbell amended her complaint to include counts for negligence and wanton conduct in the construction, inspection, operation, maintenance and/or control of the high voltage electrical power line involved in the accident. APCo then filed a motion to dismiss the amended complaint, which was denied.
After an extended period of time during which both sides changed counsel and substantial discovery took place, on March 13, 1979, APCo filed a motion to compel Mrs. Campbell to answer certain interrogatories concerning expert witnesses and violations of the National Electrical Safety Code. That motion was granted. APCo also filed a motion for summary judgment. At the hearing on the motion for summary judgment, Mrs. Campbell filed supplemental answers to the interrogatories indicating that she did not plan to present expert testimony in the case and did not contend that APCo had violated any code or regulation such as the National Electrical Safety Code. After arguments on the motion, the court took the motion supported by Mrs. Campbell's answers to APCo's interrogatories and the depositions of Robert Rhem, an employee of APCo, and J.C. Jordan and Obie Johnson, employees of Jo-Col, under submission giving Mrs. Campbell an opportunity to present an affidavit on the notice furnished by Jo-Col to APCo of the hazard. No affidavit was submitted, and on April 2, the trial court granted APCo's motion for summary judgment. After withdrawing her motion to vacate the order of summary judgment Mrs. Campbell appeals.
The issue presented for our consideration is whether the evidence presented established that there was no dispute concerning notice of construction to APCo which would lead it to reasonably anticipate someone would come in contact with its uninsulated electric lines.
To recover here Mrs. Campbell would have to show negligence on the part of APCo in failing to use reasonable care to insulate its power lines where it could have reasonably anticipated that persons would come in contact with the lines, requiring it to deenergize, to relocate, or insulate the line, or to post warnings. In Alabama Power Co. v. Alexander,370 So.2d 252 (Ala. 1979), this Court stated the power company's duty in this respect:
 "The duty of one who maintains a power line has been stated as follows:
 "`The duty of an electric company in conveying a current of high potential, to exercise commensurate care under the circumstances, requires it to insulate its wires, and to use reasonable care to keep the same insulated, wherever it may reasonably be anticipated that persons, pursuing business or pleasure, may come in contact therewith. This statement of the rule implies that, in the absence of statute or municipal ordinance, it is not necessary to insulate wires which are so placed that no one could reasonably be expected to come in proximity to them.' Curtis on Law of Electricity, § 510."
To establish a breach of duty, notice to APCo, either actual or constructive, of the presence of the crane being used to install storm sewer pipe in close proximity to the power line would have to be shown by Mrs. Campbell. Any notice furnished to an APCo employee would not be notice to APCo "unless it is with respect to the very matter which the agent is employed to transact for the principal, and unless it comes to him while so engaged." Sullivan v. Alabama Power Co., 246 Ala. 262, 270,20 So.2d 224, 230 (1944).
While the question of notice is one for the jury where there is a factual dispute, *Page 721 see Alabama Power Co. v. Smith, 273 Ala. 509, 142 So.2d 228
(1962); Alabama Power Co. v. Jones, 212 Ala. 206, 101 So. 898
(1924), if there is no evidence that APCo had or should have had notice of the use of the crane by Jo-Col's employees near the uninsulated power line on Coronado Court, the grant of a summary judgment for APCo was proper. A summary judgment may be granted pursuant to Rule 56 of the Alabama Rules of Civil Procedure only if the pleadings, depositions, answers to interrogatories, and affidavits show that there is no genuine issue of material fact and where as a matter of law the movant is entitled to the relief requested. The moving party must clearly show that the other party could not recover under any discernible set of circumstances and that there is an absence of any genuine issue of material fact. Ancora Corp. v. MillerOil Purchasing Co., 361 So.2d 1008 (Ala. 1978); Folmar v.Montgomery Fair Co., Inc., 293 Ala. 686, 309 So.2d 818 (1975). This rule must be considered in the context of the scintilla evidence rule applicable in Alabama. Thus, if there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that at trial he would be entitled to go to the jury, a summary judgment may not be granted. Donald v. City National Bank ofDothan, 295 Ala. 320, 329 So.2d 92 (1976). Furthermore, all reasonable inferences from the facts are to be viewed most favorably to the non-movant. Tolbert v. Gulsby, 333 So.2d 129
(Ala. 1976). ARCP 56 (e), however, provides that once the motion has been made and supported as provided under this rule, the adverse party can not rest on the allegations or denials of his pleadings alone but must respond by presenting affidavits setting forth specific facts showing that there is a genuine issue for trial. Ray v. Midfield Park, Inc., 293 Ala. 609,308 So.2d 686 (1975).
A review of the three depositions and the answers to the interrogatories which were the supporting material for APCo's motion for summary judgment indicates no facts which would legitimately raise an inference that APCo had either actual or constructive notice of the work by Jo-Col. Mrs. Campbell chose not to present an affidavit of notice under ARCP 56 (e) when given the opportunity to do so. There was no genuine issue regarding material facts and thus the trial court correctly granted the summary judgment.
AFFIRMED.
TORBERT, C.J., and ALMON and EMBRY, JJ., concur.
JONES, J., concurs in the result.