WRIGHT, Presiding Judge.
This is an appeal from a summary judgment. Plaintiff filed suit against defendant Liberty National Life Insurance Company for accidental death benefits under four policies of insurance issued by the defendant on the life of Henry E. Orton, Sr. Three of the policies were life insurance policies which paid double indemnity for accidental death. The other was an accident policy. The defendant has paid all non-accidental death benefits due but refused to pay any of the benefits for accidental death.
Defendant answered plaintiff’s complaint alleging, inter alia, that the decedent’s death was not “accidental” within the terms of the policies.
Defendant moved for summary judgment supported by answers to interrogatories, an affidavit by the medical examiner along with a copy of his report of autopsy, a certified copy of the death certificate, and copies of the four insurance policies.
Plaintiff filed a written response supported by the affidavits of the investigating officers and a copy of their incident report.
Defendant’s motion for summary judgment was granted. Plaintiff appeals.
*979 Summary judgment is appropriate only when all the materials on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the non-moving party cannot recover under any discernible set of circumstances. Rule 56, ARCP; Bledsoe v. Cargill, Inc., 376 So.2d 735 (Ala.Civ.App.1979).
Defendant argues that it was entitled to summary judgment because the evidence shows conclusively that a disease caused .the death of the insured, and no accidental death benefits are due.
The clauses relied upon by the defendant appear in the insurance policies in pertinent part as follows:
ACCIDENTAL DEATH — Subject to the following exceptions accidental death means death which is caused solely and directly by accidental injury. ... Accidental injury means bodily injury effected solely through external and accidental means.
Exceptions — In the following cases the benefit for natural death will be payable in lieu of the accidental death benefit: ... (3) if death is caused or contributed to by ... (b) any disease, illness, or infirmity or medical or surgical treatment therefor,....
The clause appears in the accident policy under Exceptions and Limitations and reads in pertinent part:
EXCEPTIONS AND LIMITATIONS— No benefits of any kind will be payable for losses resulting directly or indirectly, wholly or partly, from any one of the following causes: (1) Bodily or mental infirmities or disease in any form or medical or surgical treatment thereof;

The facts of this case are somewhat bizarre. The deceased was the former husband of the plaintiff. On the afternoon of his death, plaintiff discovered him at her home. He had been drinking and was highly intoxicated. She asked him to leave and he did so. She last saw him alive at approximately 7:00 P.M.
At approximately 6:45 A.M. the following morning, the plaintiff discovered the body of the insured lying in the fork of a small tree in her back yard.
There were affidavits from investigating officers who saw the body. They stated it had on one shoe. The other shoe was found about a block away. There were some superficial bruises and scratches. The head lay at a peculiar angle. There was a low wall nearby. It was the conclusion of the officers from their observation that the deceased fell from the wall into the tree and died from a broken neck.
The medical evidence presented by defendant was without conflict. It consisted of the affidavit and report of the medical examiner who performed an autopsy and the report of the Alabama Department of Toxicology which examined the blood and urine of the deceased. The autopsy showed death was caused from acute ethanolism with fatty change and cirrhosis of the liver. There was no evidence of a broken neck or material traumata. The blood contained .30% alcohol. The death certificate showed death by natural cause.
Plaintiff contends the facts presented, when viewed most favorably for plaintiff, present at least a scintilla that the deceased’s death was accidental within the parameters established in the case of Liberty National Life Insurance Co. v. Reid, 276 Ala. 25, 158 So.2d 667 (1963).
If that contention is correct, summary judgment entered upon motion of defendant was erroneous. Mims v. Louisville Title Insurance Co., 358 So.2d 1028, 1029 (Ala.1978).
The court in Reid, citing as authority the case of First National Bank of Birmingham v. Equitable Life Assurance Society of United States, 225 Ala. 586, 144 So. 451 (1932), said, “Where a policy contains the additional clause pertaining to death resulting wholly or in part, directly or indirectly, from disease or bodily infirmity, then if the disease, in cooperation with the accidental *980 injury, is an efficient cause of death, then there can be no recovery.” [1]
However, the court continued as follows: “If an injury starts a chain reaction resulting in death, recovery may be had even if one of the links in the chain is old age, frailty and some links are dormant diseases or physical conditions without which the chain would be broken. Each case must be particularized. New York Life Insurance Co. v. McGehee, 260 F.2d 768 (5th Cir.)” Id., 276 Ala. at 38, 158 So.2d at 674.
Perhaps the meaning of the “exception clause” is better stated as follows: “To state it in different language, the exception in the policy is against liability for death produced by the accident and disease, which the accident did not produce, and not from liability by death caused by disease or infirmity which the accident itself did produce.” Union Central Life Insurance Co. v. Scott, 286 Ala. 10, 236 So.2d 328 (1970).
Study of the cases cited including Reid, discloses that in each instance there had occurred an undisputed accident resulting in injury. The issue presented was then whether the accidental injury caused the death. It is said in Reid that if the evidence is in conflict as to whether an accident caused the death or whether the accident and a disease cooperating combined to cause death, there is presented an issue to be resolved by the trier of fact.
As pointed out by the learned trial judge in his extended judgment, there is not presented by the affidavits of the investigating officers competent evidence that an accidental injury occurred in this case; or if it did, that it contributed in any way to the death of the insured. The statements by the officers that it appeared to them that the insured fell from a wall into the tree and died of a broken neck are merely conclusions, unsupported by facts, which the officers were not qualified to give. Such statements do not meet the requirements of Rule 56(e), ARCP. Oliver v. Brock, 342 So.2d 1 (Ala.1976). They are insufficient to present a scintilla of conflict with the evidence as to the cause of death presented by defendant. Assuming arguen-do, that the deceased accidentally fell into the tree, there is no evidence that his fall resulted in injury which started a chain reaction resulting in death. There appears no causal or cooperating relation between lying or falling in a tree and death from acute ethanolism and cirrhosis of the liver. With .30% ethanol in the blood it may be understood how the deceased came to be in the tree and why he died there.
We affirm the judgment of the trial court which stated: “Plaintiff has not presented even a ‘scintilla’ of evidence to refute the prima facie case presented by Liberty in support of its motion for summary judgment. Liberty has carried its burden of establishing no genuine issue of fact. Its motion for summary judgment is, therefore due to be granted.” Smith v. American Cast Iron Pipe Co., 370 So.2d 283 (Ala.1979).
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. The “additional clause” referred to is substantially that quoted heretofore from the policies under the heading of “Exceptions” or “Exceptions and Limitations.” It is a common clause in accidental death policies. Independent Life and Accident Insurance Co. v. Maxwell, 53 Ala.App. 396, 399, 301 So.2d 85, 87 (1974).