Timothy G. Whatley challenges the trial court's grant of the defendant's motion for summary judgment in a suit claiming personal injuries in consequence of Cardinal Pest Control's negligent application of a pesticide chemical compound known as "Purge."
We begin our review by reaffirming the general proposition — too well settled to require citation of authority — that rarely is summary judgment appropriate in a claim based upon negligence. Stated another way, this Court is firmly committed to a rule of extreme caution in its review of a summary judgment granted in a tort claim context. But not even the application of this rule can spare the plaintiff from the fate of summary judgment where, after opportunity for full discovery, the evidence, when viewed most favorably to the plaintiff under the scintilla rule, fails to raise a reasonable inference that the alleged negligence was the proximate cause of the injury complained of.
The evidence in the instant case, which is essentially undisputed, is summarized in appellant's brief:
 "The Appellant presented evidence that the condition or injury for which he sought recovery did not exist prior to the negligence of the Appellee; that the condition started immediately after exposure to the chemicals; that the chemicals used by Appellee was [sic] poisonous when inhaled or absorbed through the skin or eyes; that Appellant inhaled the chemicals while working; that Appellee used an excessive amount of the chemical compound `Purge;' that the cause of Appellant's condition was diagnosed as `unknown' in June, 1977; that traces of the chemicals would not be present in blood after the lapse of five months; and that [3] other individuals suffered similar symptoms at the same time and place."
Plaintiff/appellant's persuasive argument is summarized in the following two paragraphs of his brief: *Page 531 
 "It seems absurd that four individuals, both male and female, black and white, would suffer the same or similar symptoms and that these would continue over such a long period of time if the cause was psychogenic. It is to be noted that the doctor that made the diagnosis that the cause was psychogenic made no reference nor was he questioned as to what his opinion would be had he known of the three other individuals that suffered the same condition."
"There is certainly a spark or glimmer in this case which would clearly be a scintilla of evidence that the proximate cause of the injury to the Appellant was excessive chemical exposure caused by the Appellee's failure to warn and, also, excessive use of a dangerous chemical."
Our focus on the dispositive question-whether the evidence raises a genuine issue of material fact-is sharpened by the following extracts from defendant/appellee's brief in reply to appellant's contentions:
 "Appellant argues that he did not have the urtacaria prior to the time of his exposure to pesticides and that other individuals suffered the same or similar symptoms when exposed to the pesticides. The Appellant also notes that one doctor could not determine the cause of the urtacaria and uses that as an argument in support of his establishment of a scintilla of evidence. As previously noted in Cardinal's Statement of the Facts, Dr. Kathleen Cawthon diagnosed the cause of Mr. Whatley's problem as dietetic, not as a result of pesticide poisoning.
 "The documents and letters of Dr. Kathleen Cawthon and numerous other documents, which ordinarily would not be allowable evidence in a motion for summary judgment, were not objected to by Cardinal and were considered by the Court. It was an easy matter for the Appellant to present any fact or opinion from an expert that would have created a scintilla of evidence in this matter, however, nothing was presented by Appellant which created a scintilla of evidence.
. . . . .
 "As we see from the Record, the only expert testimony concerning the question of whether or not pesticides played a part in this urtacaria is from Dr. Irving London, and he unequivocally states that pesticides did not play a part in causing the urtacaria.
. . . . .
 "Appellant argues that Dr. London's diagnosis as to the cause made no reference to the fact that others suffered similar symptoms. Appellant also argues that Dr. London was not questioned as to what his opinion would be had he known of three other individuals that suffered the same condition. To this argument, Appellee can only submit that Appellant did not see fit to attend the deposition of Dr. London. Appellant does not know, and it does not appear in the record, whether or not Dr. London knew of these other cases, if they existed. He may well have known of them while making his diagnosis as to cause and while stating that the cause of the urtacaria was psychogenic in origin. At any rate, it would be unfair to ask Cardinal to anticipate and ask questions for the Appellant.
. . . . .
 "Cardinal respectfully contends that the Appellant has not raised an issue as to causation in this matter by putting forth even a scintilla of evidence that pesticides had anything to do with urtacaria or hives suffered by Appellant.
Under Rule 56 of the Alabama Rules of Civil Procedure, summary judgment is appropriate only when the moving party has demonstrated, by the pleadings, answers to interrogatories, depositions and affidavits, that there is no genuine issue of material fact and that the movant is entitled to the requested relief as a matter of law. Campbell v. Alabama Power Co.,378 So.2d 718, 721 (Ala. 1979); Donald v. City National Bank,295 Ala. 320, 329 So.2d 92, 94 (1976). Once the movant supports his motion by affidavits or other testimony, the adverse party may not rest upon the allegations or denials contained in his pleadings; *Page 532 
he must respond and show that a material issue of fact does exist. Campbell v. Alabama Power Co., supra; Ray v. MidfieldPark, 293 Ala. 609, 308 So.2d 686 (1975). Evidence offered in response to the motion, in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings, Morris v. Morris, 366 So.2d 676,678 (Ala. 1978); and must present facts which would be admissible into evidence. Morris v. Morris, supra; Oliver v.Brock, 342 So.2d 1, 4-5 (Ala. 1976); Hunter v. Austin Co.,336 So.2d 203, 206 (Ala.Civ.App. 1976); Wright Miller, Federal Practice and Procedure: Civil 2738. In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, the court is left with no alternative but to consider that evidence uncontroverted. Mims v. LouisvilleTitle Insurance Co., 358 So.2d 1028, 1029 (Ala. 1978); Donaldv. City National Bank, supra.
In the present case the defendant supported its motion with the deposition of Dr. London wherein he stated unequivocally that the plaintiff's physical symptoms were in no way the result of exposure to pesticides, but were instead symptoms of the plaintiff's mental or nervous condition. This testimony addressed and negated plaintiff's pivotal allegation, i.e., that Cardinal "negligently conducted its business in . . . spraying pesticides . . . and as a proximate result" poisoned the plaintiff. Plaintiff did not, however, respond with contradictory medical testimony or evidence on the issue of causation; the only testimony he presented was Dr. Cawthon's opinion that the cause of plaintiff's urtacaria was unknown. This, in and of itself, does not controvert Dr. London's assertions which support defendant's motion for summary judgment. Furthermore, the trial judge was not bound to consider those statements made by the plaintiff in his deposition to the effect that two physicians had diagnosed his urtacaria as resulting from exposure to pesticides because that testimony falls short of the kind of evidence required by ARCP 56, as it constitutes inadmissible hearsay. Gamble, McElroy'sAlabama Evidence, § 110.01 (4) (3rd Ed. 1977).
Other evidence presented by plaintiff in his response and supplemental response to defendant's motion amounted to no more than verification of facts alleged in the complaint: that plaintiff did not suffer with urtacaria prior to the time he worked in the J M Truck Company Building; that Cardinal sprayed pesticides inside that building; and that plaintiff developed urtacaria after working in that building. These facts, standing alone, do not contradict Dr. London's expert opinion that pesticides did not cause plaintiff's urtacaria.
Appellant contends that the application of the scintilla rule of the totality of circumstances, and the reasonable inferences to be drawn therefrom, raise a sufficient factual issue as to causation to defeat summary judgment (citing Matthews v.Alabama Great Southern R. Co., 200 Ala. 251, 76 So. 17 (1917)). Admittedly, this contention is not without its logical and persuasive premise. It fails, however, because the injury complained of and whether pesticides can act as a causative factor, are not matters within the common knowledge or experience of lay jurors. Liner v. Temple, 373 So.2d 638, 639
(Ala. 1979).
After considering both Dr. London's deposition and the fact that his medical opinion as to causation was not contradicted by any evidence offered by the adverse party, we conclude that plaintiff's evidence is insufficient to raise a genuine issue of the requisite material fact of causation. See Campbell v.Alabama Power Co., supra. As we stated in Liner v. Temple,supra:
 Having negated the plaintiff's allegation of proximate cause, these defendants had placed these plaintiffs in the position warned against in Rule 56 (e), ARCP:
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he *Page 533 
does not so respond, summary judgment, if appropriate, shall be entered against him.
373 So.2d at 639.
We find that the plaintiff in the instant case has not met his burden and summary judgment was appropriately entered against him. It follows, therefore, that the trial judge did not err in granting summary judgment.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, ALMON and EMBRY, JJ., concur.