BEATTY, Justice.
Certiorari was granted to review the decision of the Court of Civil Appeals, 402 So.2d 978, which held that summary judgment was properly granted by the trial court. We reverse and remand.
This action was brought by the plaintiff for accidental death benefits on certain life insurance policies issued by the defendant, Liberty National Life Insurance Company (Liberty National), on the life of Henry E. Orton, Sr. The plaintiff is the ex-wife of the deceased and the beneficiary of those policies. After Mr. Orton’s death, the plaintiff promptly notified Liberty National, which paid all non-accidental death benefits due, but refused to pay any accidental death benefits contending that Mr. Orton’s death was not “accidental” as within the policies. The policies contained the provision that benefits would not be payable if death resulted directly or indirectly from disease or bodily infirmity. The defendant filed a motion for summary judgment and attached to it interrogatories and answers by the plaintiff, an affidavit of the medical examiner, a copy of the autopsy report, a copy of the death certificate and copies of the insurance policies. The plaintiff filed a response and attached two affidavits made by the investigating police officers and their incident report. Summary judgment was granted for Liberty National by the trial court and was affirmed by the Court of Civil Appeals.
The body of the deceased was found in the fork of a small tree in the plaintiff’s backyard. This tree was located near a low brick wall. The body, when discovered, had fresh cuts, scratches and bruises. There was blood on the deceased’s shirt, and his head was at a peculiar angle in relation to the body. The decedent was a heavy drinker, and was highly intoxicated at the time of death. The death certificate listed the decedent’s cause of death as “natural” due to “acute and chronic ethanolism with fatty change and cirrhosis of the liver.”
The sole issue presented is whether there was a scintilla of evidence presented to the trial court which would support a finding of accidental death. The plaintiff contends that the affidavits of the two investigating policemen presented competent evidence sufficient to make up a scintilla of evidence of accidental death. Both affidavits read as follows:
Upon my arrival ... I found the victim, Henry Edsel Orton, Sr., in the fork of a small tree. It appeared to me that Mr. Orton had a broken neck because of the *982 peculiar angle his head was turned. There were a few droplets of blood on Mr. Orton's shirt. He was wearing one shoe and the other one was found about a block away. There was a bruise on his chin. It appeared to me that Mr. Orton accidentally fell from a stone wall into the tree and died as a result of the fall.
In its opinion the Court of Civil Appeals stated:
[T]here is not presented by the affidavits of the investigating officers competent evidence that an accidental injury occurred in this case; or if it did, that it contributed in any way to the death of the insured. The statements by the officers that it appeared to them that the insured fell from a wall into a tree and died of a broken neck are merely conclusions, unsupported by facts, which the officers were not qualified to give. Such statements do not meet the requirements of Rule 56(e), ARCP. Oliver v. Brock, 342 So.2d 1 (Ala.1976). They are insufficient to present a scintilla of conflict with the evidence as to the cause of death presented by defendant.. . .
In Wilson v. Liberty National Life Insurance Company, Ala., 331 So.2d 617 (1976), this Court recognized that a lay witness’s testimony concerning appearances is “deemed not to be the expression of an opinion but a statement of fact open to ordinary observation,” and thus admissible. Moreover, in Jefferson Standard Life Insurance Company v. Pate, 290 Ala. 110, 274 So.2d 291 (1973), quoting Sovereign Camp, W.O.W. v. Dennis, 17 Ala.App. 642, 87 So. 616 (1920), this Court stated:
“A witness, who examined the body of deceased, at the place where found, together with the locus in quo, is not qualified as an expert in that sense that he can give as evidence his opinion as to the cause of death. He may testify to the facts, but the jury must draw the conclusions
In this case the affidavits of the policemen merely outlined a description of the death scene as personally observed by them. They contained facts which were open to ordinary observation and thus constituted competent evidence. While it is clear that the trial court correctly held that the policemen were not qualified to testify that it appeared that the deceased died as the result of a fall, Jefferson Standard Life Insurance Co. v. Pate, supra, the remainders of the affidavits are competent evidence which could support a finding that an accidental death occurred.
The affidavits stated that the body was found in the crook of a tree, it had cuts and bruises on it, there was blood on the deceased’s shirt, it appeared that his neck had been broken, and it appeared that he fell into the tree from a stone wall. The statement that it “appeared” that the deceased had a broken neck was not conclusively an opinion on the cause of death, but could be a description of the peculiar angle of the deceased’s head and body, which is a fact open to ordinary observation. While it is undisputed that the death certificate showed death to be by natural causes, this Court recognized in Union Central Life Insurance Company v. Scott, 286 Ala. 10, 236 So.2d 328 (1970), that the death certificate is not conclusive as to the cause of death and contradictory testimony of lay witnesses can rebut such evidence.
Moreover, since it is well-settled in Alabama that the party opposing a motion for summary judgment is entitled to have all the evidence viewed in the light most favorable to his own position, and to all reasonable inferences which may be drawn from that evidence, Campbell v. Alabama Power Company, Ala., 378 So.2d 718 (1979), the evidence presented by the affidavits, as well as the other evidence which showed that the decedent was found in a tree with fresh cuts and bruises on his body, should have been construed in the light most favorable to the plaintiff. When so viewed, we find that there was a scintilla of evidence that death was accidental.
The Court of Civil Appeals also stated: Assuming arguendo, that the deceased accidentally fell into the tree, ... [t]here appears no causal or cooperating relation *983 between lying or falling in a tree and death from acute ethanolism and cirrhosis of the liver. With .30% ethanol in the blood it may be understood how the deceased came to be in the tree and why he died there. [Emphasis added.]
This statement, unfortunately, is an improper conclusion made by the Court of Civil Appeals. In Liberty National Life Insurance Company v. Reid, 276 Ala. 25, 158 So.2d 667 (1963), this Court stated:
Where the evidence is conflicting as to whether an accident was the cause of an insured’s death, or whether the accident and a disease cooperating therewith combined to cause death, then ordinarily a question of fact within the resolution of the trier of fact is presented. [Citations omitted.]
In this case there were at least four conceivable ways the decedent could have been found in the tree: (1) he could have fallen into the tree and then died there; (2) he could have died and then fallen into the tree; (3) he could have climbed the tree and died there; and (4) he could have climbed the tree, fallen and then died. Thus, the decision of the Court of Civil Appeals that the deceased’s blood level explained his position in the tree was a determination which should have been presented to the jury. Since there were conflicting inferences as to how the decedent arrived in the tree, it was not proper for the Court of Civil Appeals to determine whether the deceased-was in the tree because he was intoxicated, had climbed the tree and had subsequently died there, or because he had fallen into the tree which had caused or, at least, had started a chain reaction which had resulted in his death.
Because on motion for summary judgment this case contained a scintilla of evidence that death was accidental, it must be, and is, reversed and remanded to the Court of Civil Appeals with directions to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
MADDOX, JONES, ALMON and ADAMS, JJ., concur.
FAULKNER and EMBRY, JJ., dissent.
TORBERT, C. J., and SHORES, J., recused.