564 So.2d 882 (1990)
Larita RIGGS
v.
Dick BELL and Birmingham Metropolitan Area Skills Center.
88-1379.
Supreme Court of Alabama.
May 4, 1990.
*883 Alicia K. Haynes, Birmingham, for appellant.
James W. Porter II, Birmingham, for appellees.
KENNEDY, Justice.
The plaintiff, Larita Riggs, appeals from a summary judgment in favor of the defendants, Dick Bell and the Birmingham Metropolitan Area Skills Center ("BMASC"). We affirm.
The issue is whether, in opposition to the defendants' motion for summary judgment, Riggs presented evidence creating a genuine issue of material fact on the question whether the defendants were entitled to sovereign immunity under Article I, § 14, Alabama Constitution of 1901.[1]
The factual evidence presented to the trial court was as follows: The BMASC is an arm or agency of the State of Alabama Department of Post Secondary Education ("ADPSE"), which, in turn, is an agency of the Alabama State Board of Education. All employees of BMASC are employees of the State of Alabama. ADPSE approves the hiring/firing of all BMASC personnel and approves the BMASC budget. The BMASC is a non-profit organization that provides job training and skills instruction to economically disadvantaged students, and it is funded through the federal Job Training Partnership Act. BMASC receives no state funds; however, federal funds are allocated through the State of Alabama Office of Employment and Training.
Dick Bell was employed as one of four instructors at BMASC; Carol Dotson was his supervisor. Bell was an instructor of building maintenance and had several types of machinery under his direction and control, including a radial arm saw, a band saw, a lathe, a sander, and a table saw. In his capacity as instructor, Bell had full discretionary authority to direct the operation of all mechanical equipment in his department. Bell determined who would operate the machines, when those machines would be operated, how those machines would be operated, and in what manner those machines would be operated.
In 1986 Riggs was a student at BMASC; while working on a project there, Riggs severed her thumb from her hand with the blade of the table saw while operating the table saw in the shop. In September 1988, Riggs sued Bell and BMASC for damages based on that injury. Bell testified in his deposition that the students were supposed to obtain his approval before operating the table saw; that Riggs was operating the table saw without his permission when the accident occurred; and that Riggs had not previously operated the table saw in his presence. Bell was not present in the shop when the accident occurred; he was in his office, which was a separate room adjacent to the shop.
Riggs alleged that BMASC was an "occupational training organization doing business in the State of Alabama"; that the defendants had allowed the premises to be unreasonably safe and in doing so had acted negligently and wantonly; that Bell had failed to properly instruct and/or supervise her on the proper operation of the saw; that Bell had negligently entrusted the operation of the saw to her; and that Bell had done so while acting within the line and scope of his employment with BMASC.
Bell and BMASC moved for summary judgment on the grounds of sovereign immunity and offered in support of their motion, inter alia, the affidavit of Henry Rookis, executive director of BMASC, and the depositions of Rookis and Bell.[2] Riggs filed in opposition thereto a brief, unsupported by any affidavits or other evidence. Riggs argued to the trial court that "there *884 exist genuine issues of material fact which remain in dispute"; that BMASC was a "quasi-public franchise developed as a result of federal appropriations"; that "a suit against BMASC would not constitute a suit against the State of Alabama or the State Board of Education, which merely coordinates the federal program"; that Bell had admitted in his deposition that he was "an instructor"; and that "as such [he] falls within the scope of DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1981)."
After oral argument, the trial court entered summary judgment for Bell and BMASC, based upon the pleadings, discovery responses, depositions, and other matters of record, holding that BMASC was "absolutely immune from suit" pursuant to Article I, § 14, Alabama Constitution of 1901; that Bell was a "supervisory vocational education teacher" at BMASC; and that Bell and BMASC were immune from suit under § 14 and on the authority of Gill v. Sewell, 356 So.2d 1196 (Ala.1978); Barnes v. Dale, 530 So.2d 770 (Ala.1988); and Grant v. Davis, 537 So.2d 7 (Ala.1988). Riggs appealed.
After reviewing the record and considering arguments of counsel, we must agree that Riggs presented no evidence to create a genuine issue of material fact and, thus, that the defendants were entitled to a summary judgment. In Whatley v. Cardinal Pest Control, 388 So.2d 529, 531-32 (Ala. 1980), this Court succinctly stated the operation of Rule 56, A.R.Civ.P.:
"Under Rule 56 of the Alabama Rules of Civil Procedure, summary judgment is appropriate only when the moving party has demonstrated, by the pleadings, answers to interrogatories, depositions and affidavits, that there is no genuine issue of material fact and that the movant is entitled to the requested relief as a matter of law. Campbell v. Alabama Power Co., 378 So.2d 718, 721 (Ala.1979); Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92, 94 (1976). Once the movant supports his motion by affidavits or other testimony, the adverse party may not rest upon the allegations or denials contained in his pleadings; he must respond and show that a material issue of fact does exist. Campbell v. Alabama Power Co., supra; Ray v. Midfield Park, 293 Ala. 609, 308 So.2d 686 (1975). Evidence offered in response to the motion, in the form of affidavits or otherwise, must be more than a mere verification of the allegations contained in the pleadings. Morris v. Morris, 366 So.2d 676, 678 (Ala. 1978); and must present facts which would be admissible into evidence. Morris v. Morris, supra; Oliver v. Brock, 342 So.2d 1, 4-5 (Ala. 1976); Hunter v. Austin Co., 336 So.2d 203, 206 (Ala.Civ.App.1976); Wright & Miller, Federal Practice and Procedure: Civil 2738. In the event the opposing party fails to offer any evidence to contradict that presented by the moving party, the court is left with no alternative but to consider that evidence uncontroverted. Mims v. Louisville Title Insurance Co., 358 So.2d 1028, 1029 (Ala.1978); Donald v. City National Bank, supra."

(Emphasis added.)
In this case, we must consider the evidence presented by the defendants to be uncontroverted. Bell and BMASC supported the motion for summary judgment with Rookis's affidavit and deposition and Bell's deposition. Supported by this testimony, the defendants asserted that BMASC was an agency of the State; that Bell had been engaged in a discretionary function as a state employee; and that Bell, in his discretion, had not given Riggs permission to operate the saw. This testimony addressed and effectively negated Riggs's allegations. Riggs did not respond to the motion with contradictory testimony or other evidence creating a genuine issue of material fact on the issues relevant to § 14 immunity. Riggs had to respond to the motion by presenting evidence relevant to the question of whether Bell was performing a ministerial task, rather than a discretionary function. See DeStafney v. University of Alabama, supra. Riggs did not offer in rebuttal any evidence of negligence and/or wantonness on the part of Bell or BMASC creating a genuine issue of *885 material fact. Bell's testimony that Riggs operated the saw without his permission was uncontroverted. Riggs's response amounted to nothing more than argument and verification of facts alleged in the complaint. That, standing alone, does not contradict the evidence presented by Bell and BMASC in support of the motion for summary judgment. Summary judgment is not prevented by "conclusory allegations" or "speculation" that a fact issue exists. Williams v. Palmer, 277 Ala. 188, 168 So.2d 220 (1964); Charles J. Arndt, Inc. v. City of Birmingham, 547 So.2d 397 (Ala. 1989). Bare argument or conjecture will not satisfy Riggs's burden to offer facts to defeat the motion. See generally, Thibodeaux v. Holk, 540 So.2d 1378 (Ala.1989), and Coleman, Summary Judgment in Alabama: The Nuances of Practice Under Rule 56, 20 Cumb.L.Rev. 1 (1989-90).
Applying the law to what we must take as the uncontroverted facts of this case, we hold that the defendants were entitled to immunity from suit under Article I, § 14, Alabama Constitution of 1901. See Phillips v. Thomas, 555 So.2d 81 (Ala.1989). Accordingly, the trial court properly entered the summary judgment for the defendants, and therefore, that judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES and HOUSTON, JJ., concur.
JONES, J., concurs in the result.
JONES, Justice (concurring in the result).
To the extent that the complaint alleges that Bell was personally negligent in causing Riggs injury, I do not agree that the immunity defense is applicable. On the other hand, I agree that the evidence presents no triable issue of fact with regard to Bell's personal liability. Therefore, I concur in the judgment of affirmance.
NOTES
[1] Section 14 provides that "the State of Alabama shall never be made a defendant in any court of law or equity."
[2] The affidavit and depositions provided the basis for the statement of facts presented earlier in this opinion.