ROBERTSON, Presiding Judge.
This is an appeal from the granting of a summary judgment.
The plaintiffs, Daniel and Patricia Hughes (lessors), sued the defendant, James Whitman (lessee), for unlawful de-tainer and eviction. After cross-motions for summary judgment, the trial court granted a judgment in favor of the lessors on the eviction claim. All issues concerning damages to the lessee for the value of his improvements were reserved for a jury trial. The trial court entered an A.R. Civ.P., Rule 54(b) judgment, and thus this appeal.
The only issue properly before us at this time is whether the trial court erred in granting a summary judgment in favor of the lessors.
At the outset we would note that, simply because two motions for summary judgment are filed, the court does not automatically have to grant one of the motions if a genuine factual dispute exists. Taylor v. Waters, 477 So.2d 441 (Ala.Civ.App.1985). On the other hand, the existence of two motions may be reflective of the lack of a factual dispute when the motions demonstrate a basic agreement concerning the relevant legal theories and dispositive material facts. Taylor.
Here, the record reflects that the lessors are the owners of the land in question. Approximately seven and one-half years ago, the lessee moved onto the property and connected his trailer with utilities. The parties agreed on a rental of $300 per year. At some time during the tenancy, the lessor wrote a note which stated: “James Whitman owes me $300 1 Dec. Next.”
In the spring of 1990, a dispute arose concerning a horse, and the lessors gave the lessee notice of termination of the tenancy. When the lessee would not leave, the lessor brought this suit.
The lessee contends that he entered into possession of the property under a twenty-year oral lease with the lessors at the rental rate of $300 per year, whereas, the lessors argue that any lease agreement is void under the Statute of Frauds as it was not in writing and was for a period longer than one year.
Ala.Code 1975, § 8-9-2, basically states that agreements which are not to be performed within one year must be in writing. Specifically, § 8-9-2(5) states that every lease for land for a term over one year must be in writing. Therefore, if a lease is for a period longer than one year, that *1114 lease is void under the Statute of Frauds, unless it is in writing. Hackney v. Griffin, 244 Ala. 360, 13 So.2d 772 (1943).
Here the lessee is arguing that the lease was for twenty years. However, there was no writing sufficient to satisfy the Statute of Frauds. Therefore, based on the above, we cannot say that the trial court erred in granting the lessors their motion for summary judgment.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.