The majority holds that the Mitchells filed an insufficiently supported summary judgment motion and that the burden never shifted to Walker to present substantial evidence to support her claim. The Mitchells' summary judgment motion contained a narrative summary with citations to the record, including Walker's deposition, and a memorandum of law, outlining the defects in Walker's case. I conclude that the Mitchells made a prima facie showing that they are entitled to a judgment as a matter of law and that the burden shifted to Walker to present substantial evidence to support her claim. Therefore, I will address the merits of the case.
Although I agree with the majority that an issue of fact exists as to whether Walker is an invitee, I conclude that Walker failed to present substantial evidence that the Mitchells breached the duty of care a landowner owes to an invitee:
 "(a) [T]he duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation."
Lamson Sessions Bolt Co. v. McCarty, 234 Ala. 60, 63,173 So. 388, 391 (1937) (quoted in Grider v. Grider, 555 So.2d 104
(Ala. 1989), and in Quillen v. Quillen, 388 So.2d 985 (Ala. 1980)).
I conclude that Walker failed to present substantial evidence that the Mitchells knew *Page 795 
or should have known of the hole in the yard in which she stepped and was injured. In fact, the Mitchells stated that they did not perform their own yard work and, therefore, had no reason to know of the hole. Walker also stated that her parents did not do yard work. In her response to the Mitchells' summary judgment motion, Walker merely stated that her mother did know of the hole — that conclusory statement is not substantial evidence to defeat the summary judgment motion. Riggs v. Bell,564 So.2d 882 (Ala. 1990). Therefore, I must respectfully dissent.