COVINGTON, Judge.
This is an appeal by two police officers, William M. Broyles and Christopher R. Schroeder, from the judgment of the district court which affirmed the decision of the Baton Rouge Municipal Fire and Police Civil Service Board, which in turn affirmed and upheld the action of the Acting Chief of Police of the City of Baton Rouge which suspended the officers for 90 days without pay for their participation in the publication of a letter which was entitled “Slowdown,” containing instructions to the Police Department of certain methods to be used to get a pay raise. The Board upheld the action of the appointing authority in its determination that the activities of the officers were violative of their duties and that their conduct impaired the efficiency of the Police Department, all of which constituted unlawful action which legally subjected them to disciplinary action. We affirm.
On this appeal, the officers primarily complain, as they did in the district court, that they were deprived of a fair hearing because the Board relied upon legal opin *350 ions from its legal advisor, the Parish Attorney, who also served in the dual capacity as legal counsel for the appointing authority, and thus dominated the Board.
The district court answered this complaint finding that: “the Board was not dominated by the Parish Attorney, that it exercised its independent judgment and that the Chairman ruled intelligently and independently of the Parish Attorney on questions affecting the admissibility of evidence. It conducted its hearing and received the evidence in accordance with law and rendered its opinion based on the evidence before it.”
After careful review of the record, we find ample evidence in the record upon which the Board made its findings and rendered its opinion and to support the judgment of the district court. Appellants were suspended for publishing and distributing a letter purporting to instruct police officers of the City of Baton Rouge in effecting a slowdown or partial work stoppage. The evidence shows the appellants typed, reproduced and circulated the letter in question. There is evidence to show that the appellants were the leaders in calling the meeting at which time the letter was formulated and in the formulation of the letter. The evidence substantiates that the Board made its decision" “in good faith for cause.” See LSA-R.S. 33:2501.
The appellants rely upon the cases of Camero v. United States, 375 F.2d 777, 179 Ct.Cl. 520 (1967), and Ruiz v. Delgado, 359 F.2d 718 (U.S. Ct. of App. 1st Cir. 1966), to support its theory of unfairness in the hearing. Neither of these cases deal with factual or legal issues similar to those involved in the instant case and are inapposite.
The Camero case is concerned with the situation where the attorney who had represented the government before the army grievance committee had engaged in ex parte communications with the commanding officer of the depot by participating in the preparation of the general counsel’s legal opinion advising the commanding officer to discharge the classified civil service employee of the Department of Army.
The Ruiz ease is concerned with the peculiar procedure in the Puerto Rican district courts whereby the trial judge acts as both prosecutor and judge. The court held that it was inherently unfair to commingle the functions of prosecutor and decision-maker.
In the instant case the Board served solely as decision-maker and performed no prosecuting duties, and there is no evidence of any ex parte communications between the Parish Attorney and the Board or any participation of the Parish Attorney in the making of the Board’s decisions. The hearing in the instant case was fair in all respects.
The finding of the district court is in line with the decision of this Court in Bland v. City of Houma, 264 So.2d 729, 732 (La.App. 1st Cir. 1972), writ ref. 263 La. 11, 266 So.2d 713 (1972):
“Appellant further contends that the Board hearing was conducted in bad faith and contrary to provisions of the Civil Service Law, more particularly in that the attorney for the Board was allowed
‘. . .to conduct the hearings with the authority of a judge applying strict rules of courtroom procedure to the civil service hearing ... all in spite of the Louisiana State Constitution provisions that in “Appeals by Employees to the Board” “The procedure followed shall be informal and not necessarily bound by the legalistic rules of evidence.” Constitution, La. State, Article 14, Section 15 (15.1), Subsection 31.’
“There seems to be no doubt that the Board has a right to employ independent counsel to represent it, La. Constitution, Art. 14, Section 15.1 (36). The transcript also indicates that the attorney for the Board did act as ‘judge’ in determining whether certain evidence objected to was or was not admissible. His rulings were invariably approved and ratified by the Board. Of course, as each question and objection arose, the Board could have conferred with their attorney and ruled, presumably in accordance with his ad *351 vice — a much more time-consuming procedure. We must now determine whether the delegation of the authority by the Board to its attorney on all evidential matters so tainted the procedure with ‘bad faith’ as to render it illegal. “We think not, particularly since the Board, composed exclusively of laymen, presumably would follow the advise of their counsel; and the record discloses that evidence objected to, where the objection was sustained, was for the most part ‘proffered’ and available to the Board.”
Accordingly, we affirm the judgment of the district court at appellants’ costs.
AFFIRMED.