GARRISON, Judge.
This is an appeal from a judgment of the district court denying a preliminary injunction and declaratory judgment against the Civil Service Commission for the City of New Orleans.0 Petitioners Brian Eastwold as President of/and the Public Employees Association of New Orleans, Inc. brought this action to compel the Commission to comply with the then effective[1] open meeting or sunshine laws, R.S. 42:1 through 42:9 inclusive. The court found that the Commission was not covered under the sunshine laws then in effect, denying the relief prayed for. From that judgment, which we now affirm, petitioners appeal.
The real issue remaining before this court is the question of an award of attorney’s fees and court costs should it be found that the trial court erred in its judgment below.
Under the then effective R.S. 42:10(B) a successful plaintiff was to be awarded fees and costs under the mandatory provision below:
“B. Any citizen residing within the governmental subdivision served by the public body who is denied the rights conferred by R.S. 42:4.1 through R.S. 42:9 may commence a suit in a court of competent jurisdiction for the parish or city in which the public body ordinarily meets for the purpose of requiring compliance with or preventing violations of or to determine the applicability of any provision of R.S. 42:4.1 through R.S. 42:9 to the discussions or decisions of the public body. The court shall order payment of court costs and attorney fees to a successful plaintiff in a suit. If the plaintiff is unsuccessful, he may be ordered to pay reasonable attorney fees as well as court costs if the court determines that the suit was of a frivolous nature with no substantial justification.” (emphasis added)
Thus the question of whether appellant should be awarded fees and costs is directly dependent upon this court’s review of the trial court’s judgment.
The trial judge provided extensive reasons for judgment including the following:
“A constitutionally established commission, such as The City Civil Service Com *684 mission for the City of New Orleans is not one of the ‘governing bodies’ or ‘boards’ referred to in Title 42:5 of the Louisiana Revised Statutes.
“The function of the City Civil Service Commission for the City of New Orleans is not to ‘receive or expend tax funds.’ “The Statute, R.S. 42:1 defines a ‘commission’ as a ‘Public Office.’
“R.S. 42.5 [42:5] is the section which provides for ‘Meetings of governing bodies and boards to be open to the public.’ The terms ‘Public Office’ or ‘Commission’ are not mentioned in Section R.S. 42:5.
“The provisions of R.S. 42:4.1 through 42:10 are vague. R.S. 42:4.1 reads as follows:
‘It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of R.S. 42:4.1 through R.S. 4:10 [42:10] shall be construed liberally-’
“R.S. 42:9 contains criminal penalties, therefore the Court cannot construe the provisions of the Statutes liberally. On the contrary, the Statutes are to be strictly construed.
“The issuance of preliminary injunction is discretionary with the Court. Further, the trial Court has wide discretion in giving or receiving declaratory relief.
“The issuance of a preliminary injunction and the request that a declaratory judgment be rendered declaring that the City Civil Service Commission is subject to the ‘open meeting laws of the State of Louisiana, L.R.S. 42:1 through L.R.S. 42:9’ will be denied.”
We agree with the appellant that the trial judge erred in applying a strict interpretation of the statutes in the face of a legislative mandate that they be liberally construed. Even under a liberal construction, however, the trial judge would have obtained the same results. R.S. 42:5 as then in effect, reads as follows:
“For the purpose of R.S. 42:4.1 through R.S. 42:10 ‘meeting’ means the official convening of town and city councils, police juries and other governing bodies; school boards and boards of levee and port commissioners; boards of publicly operated utilities; and all state, parish, or municipal boards or authorities with policy making or administrative functions which receive or expend tax funds, the legislature specifically exempted, to discuss or act upon a matter over which the public body has supervision, control, jurisdiction, or advisory power. Such meetings shall be open to the public.” (emphasis added)
While the City Service Commission does submit a proposed budget, it does not have the power to adopt, enforce, or otherwise implement that budget, which power is reserved to the City Council of New Orleans. The City Civil Service Commission does not expend tax funds; it is the City Council which expends tax funds.
Neither does the City Civil Service Commission receive tax funds. Appellants point to the per diem amount received by Commission members as a receipt of tax funds. We cannot, solely on the basis of so insignificant an amount, hold in good conscience that a per diem constitutes the type of tax receipt and disbursements contemplated under the statute, even if given a radically liberal construction.
For the reasons discussed above, the judgment of the trial court is affirmed.

AFFIRMED.

BARRY, J., dissents with written reasons.

. We note the statutes in question were amended by Act 681 of 1979 so as to provide that the Commission as well as various other bodies are now covered by the open meeting laws. Counsel for the Commission assures this court that the Commission is now in compliance with the amended sunshine laws.