GUIDRY, Judge.
Plaintiff-appellant, Gordon E. Durr, perfected this appeal from the judgment of the trial court affirming the findings of the Natchitoches Municipal Fire and Police Civil Service Board that Patrolman Durr’s dismissal from the City of Natchitoches Police Department was made in good faith for cause. The appellant, Durr, seeks reversal of this decision and retroactive reinstatement with pay to his former position with the Police Department. We affirm.
The findings of fact as found by the Board and accepted by the trial court are as follows:

“On October 31, 1978, at approximately 11:00 o’clock p. m. Officer Durr encountered Anthony Chester in a private parking lot in Natchitoches, Louisiana. Officer Durr was on duty and in uniform. Officer Durr on seeing Chester removed his gun and badge and then attacked Chester. Durr also threatened Chester with a tire tool. The intervention by Officer Lodrigue, a fellow officer of Durr prevented further action by Durr.”

Appellant does not seriously contest these findings of fact but contends that the discipline imposed was too harsh.
The trial court’s and this court’s scope of review is limited under LSA-R.S. 33:2501(3):

“The board shall, within ten days after the filing of the notice of appeal, make, certify, and file the complete transcript with the designated court, and that court shall thereupon proceed to hear and determine the appeal in a summary manner. This hearing: shall be confined to the determination of whether the decision made hv the board was made in erood faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds.” (Emphasis added)

This court finds nothing in the record indicating the trial court erred in affirming the decision of the Board. The facts brought out at the hearing clearly show Mr. Durr’s actions violated LSA-R.S. 33:2500 providing grounds for his dismissal. No evidence has been brought forward showing the Board did not reach its decision in good faith. City of Kenner v. Wool, 320 So.2d 245 (La.App. 4th Cir. 1975).
The appellant contends the Board’s decision is invalid because a hearing and investigation was not granted within thirty days after receipt of his written request as required by LSA-R.S. 33:2501(1).
Correspondence between the parties shows the hearing was set by the Board for November 29, 1978. This date was within thirty days of Mr. Durr’s request. A postponement of the hearing date to December 6, 1978, was made at Mr. Durr’s request. The hearing on December 6,1978, could not be held due to the illness of a witness so it was reset for December 20,1978. The hearing was again delayed when the Board lacked a quorum on December 20, 1978. In a letter dated January 23, 1979, Mr. Durr’s attorney and the chairman of the Board agreed to hold the hearing on January 26, *722 1979. Mr. Durr reserved the right to appeal from the failure of the Board to comply with the thirty day requirement of LSA-R.S. 33:2501(1). The hearing was held on January 26, 1979, when Mr. Durr and the City agreed to waive their right to have a quorum of the Board members present.
Although the record does reveal the Board failed to comply with the thirty day requirement of LSA-R.S. 33:2501(1), this circumstance does not warrant a reversal of the Board’s decision which we find to have been made in good faith and for cause. There is absolutely nothing in the record to indicate that appellant was prejudiced by the delay in hearing.
Appellant finally contends the Board’s decision was invalid because one of the Board’s members was not qualified. The record reveals no evidence to support this allegation.
The decision of the trial court is affirmed at appellant’s cost.
AFFIRMED.