408 So.2d 403 (1981)
Keith L. DUMEZ
v.
HOUMA MUNICIPAL FIRE & POLICE CIVIL SERVICE BOARD, et al.
No. 14476.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
*404 Keith M. Whipple, Houma, for plaintiff and appellant.
Eddie N. Pullaro, Houma, for defendant and appellee City of Houma.
Stanwood R. Duval, Jr., Houma, for defendant and appellees Houma Municipal Fire & Police Civil Service Bd.
Charley J. Schrader, Jr., Houma, for defendant and appellee Thomas Abrams.
Before COVINGTON, CHIASSON and COLE, JJ.
COVINGTON, Judge.
This is an appeal from a judgment of the District Court which upheld the decision of the Houma Municipal Fire & Police Civil Service Board, sustaining the dismissal of Keith L. Dumez from his employment in a permanent classified position of police officer by the police chief for the City of Houma. He had been a permanent employee of the police department for about 8½ years.
The record shows that on December 5, 1975, Dumez was dismissed by the police chief for discourtesy (use of disrespectful language) toward a superior officer. As a result of the dismissal, Dumez appealed to the Board, along with another police officer, Ernest Rhodes, who had also been discharged for a similar offense. At a hearing on February 25, 1976, the Board upheld the dismissal of Dumez, but reduced the disciplinary action against Rhodes to a 90-day suspension without pay. Dumez then took an appeal to the District Court. Finding that the Board had considered matters beyond the scope of the charges and had prejudged the case prior to the hearing, the District Court reversed the Board's decision and remanded the matter to the Board for reconsideration. Appeal was taken to this Court, which affirmed the lower court's judgment, remanding the case. Dumez v. Houma Municipal Fire & Police Civil Service Board, 365 So.2d 603 (La.App. 1 Cir. 1978).
In response to an order of the district court, the Board held a second hearing on May 1, 1979, on the appeal of Mr. Dumez, which resulted in the Board upholding the removal of Officer Dumez from the service. In reaching this decision the Board made the following findings:
"1) The Board finds as fact that Keith Dumez told Lt. Clarence Vito `F______ You'.
2) That Lt. Vito was superior in rank to Officer Keith Dumez.
3) That the utterance by Dumez if not disciplined would have a detrimental effect on the discipline and efficiency of the Police Department.
4) That the appointing authority acted in good faith and for cause in firing Officer Dumez."
Dumez appealed this decision to the district court, contending:
"a) Said board and/or members thereof decided against petitioner prior to the hearing of evidence.
b) The discussions held by said board resulting in the affirming of the decision *405 of the Chief of Police was held in closed session in violation of the Louisiana Civil Service Act and the Louisiana Open Meetings Law.
c) Said board refused to allow undersigned counsel to introduce evidence of conduct of other members of the Houma Police Department which was far more serious than that alleged to have been committed by Keith L. Dumez and which resulted in penalties of far less severity than that meted out to Keith L. Dumez.
d) The Houma Municipal Fire and Police Civil Service Board has failed to accord to Keith L. Dumez Due Process of Law, both procedural and substantial and has failed to accord to Keith L. Dumez Equal Protection of The Law under both the Federal and State Constitutions."
After considering the grounds for dismissal, the trial court sustained the ruling of the Board affirming the discharge of Dumez and dismissed appellant's suit. We affirm.
The standard of appellate review in civil service cases is the same as that which exists in judicial review. We review both law and facts, but must give great weight to the factual conclusions of the trier of fact. Herbert v. Department of Police, 362 So.2d 1190 (La.App. 4 Cir. 1978).
Nevertheless, our scope of review is limited under LSA-R.S. 33:2501, which reads in part as follows:
"... The board shall, within ten days after the filing of the notice of appeal, make, certify, and file the complete transcript with the designated court, and that court shall thereupon proceed to hear and determine the appeal in a summary manner. This hearing shall be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds."
In his first contention on appeal, Dumez claims that the discussions held by the Board resulting in the affirming of the decision of the police chief were held in closed session in violation of the Louisiana Civil Service Act and the Louisiana Open Meetings Law. The record fails to disclose any closed sessions or clandestine meetings of the Board. All actions taken by the Board were pursuant to the Civil Service Act, LSA-R.S. 33:2500-2501. There is also no merit in appellant's contention of violation of the Open Meetings Law, LSA-R.S. 42:1 et seq. In the case of Eastwold v. Garsaud, 387 So.2d 682 (La.App. 4 Cir. 1980), writ denied, 393 So.2d 746 (La.1980), the court refused to apply the open meetings laws retrospectively to hearings held prior to the effective date of the amending statute, LSA-R.S. 42:4.2, added by Act 681 of 1979. The effective date of the amending statute was September 7, 1979, and the instant hearing was held on May 1, 1979, prior to the effective date. We hold, as did Eastwold, that the Board was not covered by the open meetings, or sunshine, laws then in effect.
The appellant also complains that the Board refused to allow his counsel to introduce evidence of conduct of other members of the police department which was allegedly far more serious than the conduct of Dumez and which conduct was punished far less severely than the penalty imposed on Dumez. Counsel for appellant argues that at the hearing of the Board, he attempted to show an incident involving Myron McGlocklin (McLaughlin) who was suspended for arresting a king of a Mardi Gras parade in Houma during the official course of festivities for allegedly refusing to leave a rented dance hall at the appointed time, but that the Board refused to hear such evidence. Counsel for appellant further asserts that there were several other incidents which he intended to introduce as evidence which would show that Dumez was fired for conduct far less serious than the conduct of others, for which they were not fired, so that the firing of Dumez was discriminatory.
It is the appellant's contention that the trial court was in error in finding good *406 faith and cause in that had the Board had such additional evidence, to show that other police officers were not treated as severely as Dumez, it presumably would have found the Chief's firing of Dumez not in good faith or not for cause.
The record does not support appellant's contention that he was denied opportunity to introduce pertinent evidence of the conduct of other police officers. Although the Board at first considered such evidence irrelevant, the record reflects that it later reversed its ruling, and the matter was allowed to be opened on the cursing incidents of other police officers. The record shows that counsel for Dumez questioned McGlocklin about cursing and related incidents. Moreover, he was allowed to question Ernie Rhodes at length about being fired or disciplined for cursing. Further, he was allowed to question the Chief about the disciplining of Ernie Rhodes for cursing. In ruling on this question, the trial judge remarked:
"... [A]s far as I was concerned, you were free to present any evidence that you wished concerning cursing incidents by other officers or other disciplinary actions taken against these officers, so as far as I was concerned, you were given an opportunity by the Civil Service Board to present this and you didn't pursue it any further than your questioning of Chief [Lora] Rhodes, McGlocklin, Ernie Rhodes... as far as I was concerned, there was no effort made by The Civil Service Board or Mr. Duval to prevent you from presenting this evidence if you wished. And so, since you had the opportunity to do so, that as far as I was concerned, that was the end of the matter. In other words, I take the position that you make your record in The Civil Service Board, just like you make your record in the District Court in a case, and whatever record you make you've got to live with."
The record reflects that counsel for Dumez was not deprived of opportunity to introduce relevant and material evidence. We conclude, as did the trial judge, that Dumez was accorded a fair opportunity to present evidence of conduct or language by other members of the Houma Police Department.
We find nothing in the record indicating that the trial court erred in upholding the Board's decision. No evidence was presented to show the Board did not reach its decision in good faith. Durr v. Natchitoches Municipal Fire and Police Civil Service Board, 392 So.2d 720 (La.App. 3 Cir. 1980); City of Kenner v. Wool, 320 So.2d 245 (La.App. 4 Cir. 1975).
We also find that the decision of the Board was made for cause under the provisions of law. In the Matter of Geiger, 337 So.2d 549 (La.App. 2 Cir. 1976); see also Broyles v. Baton Rouge Municipal Fire and Police Civil Service Board, 340 So.2d 349 (La.App. 1 Cir. 1976), writ refused, 341 So.2d 1121 (La.1977). The grounds for which the appointing authority may remove or discipline a tenured employee are set out in LSA-R.S. 33:2500. The pertinent part of that section of the Revised Statutes provides:
"A. The tenure of persons who have been regularly and permanently inducted into positions of the classified service shall be during good behavior. However, the appointing authority may remove any employee from the service, or take such disciplinary action as the circumstances warrant in the manner provided below for any one of the following reasons: ...
"(5) Conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and, any dishonest, disgraceful, or immoral conduct...."
The issue before this court under this contention is whether the determination of the Board was made for cause. As an intermediate appellate court, we look only to the evidence presented to the Board and we review such evidence in the light of the presumption that the Board found facts sufficient to afford a legal basis for its decision. Unless the record establishes that the Board acted arbitrarily or discriminatorily so as to abuse its discretion, the Board's decision, including as to the severity of the *407 discipline, will not be overturned. McIntosh v. Monroe Municipal Fire and Police Civil Service Board, 389 So.2d 410 (La.App. 2 Cir. 1980), writ denied, 395 So.2d 1363 (La.1981).
"Cause", as used in the civil service statute, was defined by the state Supreme Court in Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5, 9 (1962), as follows:
"Legal cause for disciplinary action exists if the facts found by the commission disclose that the conduct of the employee impairs the efficiency of the public service. Of course there must be a real and substantial relation between the conduct of the employee and the efficient operation of the public service; otherwise legal cause is not present, and any disciplinary action by the commission is arbitrary and capricious."
Our review of the evidence convinces us that the dismissal of appellant was made "for cause." There is ample evidence to sustain the Board's decision that the appellant committed the violation charged.
The disciplining of a police officer for disrespectful language toward a superior was expressly upheld in Kannisto v. City and County of San Francisco, 541 F.2d 841 (C.A. 9, 1976). We approved this decision in the first Dumez case, supra.
Appellant further argues that he was not accorded equal treatment and was thus discriminated against in violation of his constitutional rights. The burden of proving that the disciplinary action taken is discriminatory is upon the employee. See Brown v. L. H. H. R. A., 346 So.2d 758 (La.App. 1 Cir. 1977). Our review of the record fails to reveal any manifest error on the part of the Board or the trial court in finding that Dumez failed to prove his dismissal was due to discrimination.
In discussing this question, the trial judge observed:
"... This claim has caused the court some concern because the record is clear that another police officer, Officer Ernie Rhodes, was found guilty of conduct similar to that of Mr. Dumez, and said officer received only a ninety day suspension by the Civil Service Board.
"The record has established that the Chief of Police and the appointing authority, the City of Houma, Louisiana, fired Mr. Dumez and Mr. Rhodes for their language towards superior officers. They were both treated the same and equal by the Chief of Police and appointing authority. Both Mr. Dumez and Mr. Rhodes appealed their firing by the appointing authority to the Civil Service Board. The Civil Service Board in Mr. Rhodes' case overruled the Chief of Police and the appointing authority and reduced the termination of employment to a suspension from duty for ninety days. The fact that the appointing authority did not appeal and seek the reversal of the action of the Civil Service Board in ordering Mr. Rhodes restored to his position of employment cannot now inure to the benefit of Mr. Dumez.
"The court cannot overrule a decision of the Civil Service Board merely because it disagrees with the penalty imposed. [Branighan v. Department of Police, 362 So.2d 1221 (La.App. 4 Cir. 1978), writ denied, 365 So.2d 247 (La.1978).]
"The district court is limited by the provisions of La.R.S. 33:2501 to a determination of whether the decision made by the Board was made on good faith for cause. The court therefore can only determine if the Board acted in good faith for cause in affirming the governing authority's dismissal of Mr. Dumez. Based on the record of the Civil Service hearing the court is satisfied that such was the case and that the action of the Board in upholding his discharge was based on good faith for cause. The court cannot substitute its judgment for that of the Board. Whether such cause was sufficient to justify the dismissal was a question determinable by the Board and not by the court (Marchiafava v. Baton Rouge Fire and Police Civil Service Board, [233 La. 17] 96 So.2d 26, Patrick v. Lake Charles Mun. Fire and Police, 344 So.2d 1121).

*408 "The court after reviewing the record has concluded that since the Civil Service Board has found as a fact that the appointing authority acted in good faith for legal cause and because there is nothing in the record to warrant or justify this court overruling the findings by the Civil Service Board, the decision of said Board should be upheld and not be reversed."
This court finds that the action of the Board in dismissing Keith L. Dumez, a tenured employee, was not arbitrary or capricious, but was in good faith, and for cause; and that its action was supported by substantial evidence of a statutory violation committed by Dumez.
Accordingly, the judgment of the District Court is affirmed at appellant's costs.
AFFIRMED.