KNOLL, Judge.
The single issue presented on appeal is whether the trial court committed an error of law in substituting its opinion for the decision of the Natchitoches Municipal Fire and Police Civil Service Board in refusing to recuse board member Siggie Silvie.
. Joe Sampite is the Mayor of Natchitoch-es, which operates under a home-rule charter. James E. Riechel was the Chief of Police subject to the Louisiana Fire and Police Civil Service Law. LSA-R.S. 33:2471, et seq. Mayor Sampite notified Chief Riechel by letter dated November 20, 1981 that Chief Riechel was discharged and terminated, enumerating his formal charges against Chief Riechel. An appeal was taken by Chief Riechel to the Natchitoches Municipal Fire and Police Civil Service Board by letter dated December 3, 1981, all *730 in accordance with LSA-R.S. 33:2500 et seq.
The Board is comprised of five members, namely: Robert Hebert (a fireman and chairman of the board); L.A. Payne (a businessman); Dr. Larry Fields (Pastor of the First Baptist Church of Natchitoches); Richard de Vargas (a businessman); and Siggie Silvie (a policeman). The appeal was heard by the Board with all members present. Prior to the hearing Mayor Sam-pite filed a motion to recuse Siggie Silvie on the grounds that Siggie Silvie could not be fair and impartial. Mayor Sampite filed the motion because he had refused to allow Officer Silvie (a black citizen) to attend the FBI Academy after Officer Silvie was selected for this honor by the FBI. This resulted in a controversy which was publicized in area newspapers and television.
Mayor Sampite and Officer Silvie gave testimony before the Board on the motion to recuse. At the conclusion on the hearing, the Board had a roll call vote wherein they unanimously rejected the motion to recuse Officer Silvie.
The Board proceeded to conduct the hearing concerning the termination and discharge of Chief Riechel. Mayor Sampite obtained a stay order from the District Court, restraining and enjoining the Board from hearing the case, and, further ordering the Board to show cause why Officer Silvie should not be recused. Both the Board and Chief Riechel filed Writs of Cer-tiorari, Prohibition and Mandamus to this court under Docket No. 8861. We set aside and dismissed the stay order. Mayor Sam-pite applied for a rehearing which was refused. He applied for writs to the Louisiana Supreme Court which were likewise denied.
Chief Riechel’s hearing before the Board resumed on March 8,1982. Four of the five members were present, to include Officer Silvie. The Mayor objected to the hearing before four members rather than five. The chairman overruled his objection. Four board members constituted a quorum. Three votes were required to override the Mayor’s disciplinary action in firing Chief Riechel.
At the conclusion of the hearing, the Board voted three to one in favor of reinstating Chief Riechel, but imposing a fifteen day suspension without pay.
The Mayor appealed the Board’s decision to the District Court. Both district judges recused themselves. The Honorable W.C. McCain, Jr., District Judge from the Thirty-Fifth Judicial District was appointed judge ad hoc.
The trial court held that Officer Silvie should have been recused, thus leaving only three members of the board present which would not constitute a quorum as provided by LSA-R.S. 33:2476(M).
§ 2476. Municipal fire and police civil service boards
M. The board shall meet at any time after its original meeting upon the call of the chairman, who shall give all members of the board due notice thereof. The chairman of the board shall call, and the members of the board shall attend, one regular meeting of the board within each quarterly period of each calendar year. If a chairman fails or refuses to call such quarterly meeting of his board, the members of the board shall meet upon the written call of any two members mailed ten days in advance of the meeting. Four members of the board shall constitute a quorum, and the concurring votes of any three members comprising the quorum of the board shall be sufficient for the decision of all matters to be decided or transacted by it. Meetings of the boards shall be open to the public.
The trial court therefore declared the Board’s actions null and void, remanding the case to the Board for a new hearing. The Natchitoches Municipal Fire and Police Civil Service Board as well as Chief Riechel have perfected this appeal. We reverse and remand.
LSA-R.S. 33:2501 limit the district court’s authority to review civil service appeals. LSA-R.S. 33:2501 in part states:
“... This hearing [by the district court] shall be confined to the determination of *731 whether the decision made by the board was made in good faith for cause under the provisions of this Part. No appeal to the court shall be taken except upon these grounds.”
The obvious intent is that the reviewing court consider the record of the board proceedings as already constituted, and confine its judicial review to the determination of whether the board’s decision was made in good faith for legal cause. Bland v. City of Houma, 264 So.2d 729 (La.App. 1st Cir.1972), writ denied 266 So.2d 713 (La.1972); Broyles v. Baton Rouge Municipal Fire and Police Board, 340 So.2d 349 (La.App. 1st Cir.1976), writ denied 341 So.2d 1121 (La.1977); Trahan v. City of Jennings Fire and Police Civil Service Board, 411 So.2d 1242 (La.App. 3rd Cir.1982). The district court can only review the record and look to the evidence presented before the board, and, review this evidence in light of the presumption that the board found facts sufficient to afford a legal basis for its decision. McIntosh v. Monroe Municipal Fire and Police Board, 389 So.2d 410 (La.App. 2nd Cir.1980), writ denied 395 So.2d 1363 (La.1981); Dumez v. Houma Municipal Fire and Police Civil Service Board, 408 So.2d 403 (La.App. 1st Cir.1981). Unless the record reveals a lack of sufficient evidence to support the decision of the board, or, an abuse of its discretion, its decision will not be overturned. Petrus v. Guin, 378 So.2d 1016 (La.App. 2nd Cir.1979); McIntosh, supra; City of Houma v. Houma Municipal Fire and Police Civil Service Board, 405 So.2d 1132 (La.App. 1st Cir.1981), writ denied 410 So.2d 1134 (La.1982); Trahan, supra.
There is nothing in the record to support that Officer Silvie would have been prejudiced in his findings. He was not present when the controversy took place. He repeatedly refused comment when the news media attempted to interview him. There is no evidence that he was a witness to any of the conflicts between the Mayor and Chief Riechel. At the Board hearing Officer Silvie testified, under oath, that he could make a fair and impartial judgment:
“Q. Mr. Silvie, do you know of any reason that you could not serve here with the evidence presented here, on whatever charges that we might finally get around to listening to, except in a fair and impartial manner?
A. I know of none.
Q. Will you listen to the testimony and the law and things of that nature, and reach your verdict, in a fair and impartial manner?
A. That’s true, I will.
Q. Do you have any prejudged notions, or any preconceived notions or any preconceived ideas, insofar as your ruling in this matter, at this point in time?
A. No, I don’t.”
For the foregoing reasons, the ruling of the District Court is reversed and remanded to determine whether the Municipal Fire and Police Civil Service Board committed manifest error, in reinstating Chief James E. Reichel, subject to a suspension of fifteen days without pay.
REVERSED AND REMANDED.