Appellant, Robert Long, appeals from the circuit court's order granting summary judgment in favor of appellees, Water Works and Sewer Board (Board) and its members.
Long was employed by the Board as a water meter reader. Long had been employed by the Board since July 1978. On October 6, 1983 Board assistant general manager Jack Rutledge served Long with "Notice of Possible Disciplinary Action and Hearing." This notice charged Long with entering a reading on the meter book for a residence when, in fact, the register was off the meter and there was no way Long could have read the meter.
A pretermination hearing took place on October 18, before the general manager of the Board, C.B. Collier, Jr., and Rutledge. After this hearing Collier and Rutledge discharged Long. On October 24 Long filed a grievance on his dismissal. The Board heard Long's grievance on December 20, and thereafter denied his grievance and affirmed his dismissal.
Long then filed a complaint for declaratory judgment and petition for writ of certiorari in the circuit court. Long alleged in his complaint that the Board's decision to discharge him was motivated by his exercise of free speech and was, therefore, in violation of his first amendment rights. Long also alleged that the discharge procedure was constitutionally defective and deprived him of his due process rights under the fourteenth amendment in that he was not informed of the charges against him prior to the pretermination and posttermination hearings and was not permitted to rebut the charges before the official *Page 933 
charged with making the dismissal decision. He also alleged that he was not afforded a fair hearing because the Board was biased and because the Board's attorney was also the prosecuting attorney. Long requested that the court reinstate him in his job and award him back pay allowances and attorney fees.
The appellees filed a motion for summary judgment, which the circuit court granted. Long appeals to this court. On appeal Long contends that the trial court improperly granted appellees' motion for summary judgment because (1) there was a question of fact whether his discharge was in violation of his first amendment rights, and (2) there was a question of fact as to whether his due process rights were violated.
Summary judgment should be granted to the moving party only if the pleadings, depositions, answers to interrogatories, and affidavits show that there is no genuine issue of material fact. If there is a scintilla of evidence supporting the position of the party opposing the motion for summary judgment, then summary judgment may not be granted. Campbell v. AlabamaPower Co., 378 So.2d 718 (Ala. 1979).
Long alleges that prior to his termination Rutledge ordered him and other employees to work in the rain. Long allegedly objected to Rutledge's order, citing Board rules and regulations requiring meter readers to work in the rain only during emergencies. Long alleges that he told Rutledge that he was going to get his union representative to file a grievance against Rutledge, and that Rutledge responded that he would be sorry about insisting that rules be followed. Long contends that he was subsequently fired as a result of these remarks, in violation of his first amendment right of free speech. The Board contends that Long was fired because he failed to record a meter reading correctly, and that its dismissal of Long was not motivated by Long's remarks.
In order for Long to establish a cause of action for an alleged wrongful discharge from public employment in violation of his first amendment right of free speech, he must demonstrate "(1) that the speech complained of qualified as protected speech or activity and (2) that such protected speech or activity was the `motivating' or `but for' cause for his discharge." Jurgensen v. Fairfax County, Virginia, 745 F.2d 868
(4th Cir. 1984); Givhan v. Western Line Consolidated SchoolDistrict, 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979);Mt. Healthy City School District Board of Education v. Doyle,429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).
Whether an employee's speech is constitutionally protected is a question of law. Bickel v. Burkhart, 632 F.2d 1251 (5th Cir. 1980). Thus, our initial inquiry concerns the question of whether Long's speech or activity was constitutionally protected. If not, we need go no further in our analysis.Foster v. Ripley, 645 F.2d 1142 (D.C. Cir. 1981).
The Supreme Court in Pickering v. Board of Education,391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), developed a balancing test for use in determining whether a public employee's particular speech or activity was constitutionally protected. This test requires a balancing of the employee's interest in commenting upon matters of public concern and the interests of the state, as an employer, in promoting the efficiency of the public services it performs through its employees.
One factor that is relevant in applying the balancing test is the interest served by the employee's speech. In Connick v.Myers, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), the Supreme Court stated:
 "When employee expression cannot be fairly considered as relating to any matter of political, social, or other concern to the community, government officials should enjoy wide latitude in managing their offices, without intrusive oversight by the judiciary in the name of the First Amendment. . . .
 ". . . [W]hen a public employee speaks not as a citizen upon matters of public concern, *Page 934 
but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior."
Speech by public employees may not be characterized as speech of public concern "when it is clear that such speech deals with individual personnel disputes and grievances and that the information would be of no relevance to the public's evaluation of the performance of governmental agencies." McKinley v. Cityof Eloy, 705 F.2d 1110 (9th Cir. 1983).
After thoroughly reviewing the case law on first amendment rights, we conclude that Long's "speech" cannot be characterized as constituting speech on matters of public concern. Long's "speech" concerned whether he and other employees could be required to work in the rain, allegedly contrary to Board rules and regulations. His threat to file a grievance was based on this personal concern. Nor does it appear that the Board was improperly punishing Long for union activity since the union represented Long at every stage of the proceedings and the Board had no contract with the union. Where an employee's speech, as in the case at bar, relates primarily to matters such as employee grievances, working conditions, or job dissatisfaction, rather than matters of public concern, a wide degree of deference is given to the employer's judgment and to the employer's concerns about employee insubordination, discipline, and harmony among co-workers. Murray v. Gardner,741 F.2d 434 (D.C. Cir. 1984). Jurgensen v. Fairfax County,Virginia, supra; Sipes v. United States, 744 F.2d 1418 (10th Cir. 1984).
We therefore must conclude as a matter of law that Long's speech was not protected by the first amendment, and that he failed to state a cause of action for a violation of his first amendment rights.
Long's next contentions concern alleged constitutional deficiencies in the discharge procedure, which deficiencies allegedly denied him due process of law. His specific contentions are noted earlier in this opinion.
The Board asserts that Long was an employee at will, and, therefore, had no property interest in continued employment.Mountain v. Collins, 430 So.2d 430 (Ala. 1983). Long contends that pursuant to an employee handbook (not in the record) he enjoyed permanent status as a municipal employee and had a property right in continued employment. Assuming for the sake of argument that Long did have a property interest in continued employment, we conclude that he was afforded due process.
The Fifth Circuit Court in Thurston v. Dekle, 531 F.2d 1264
(5th Cir. 1976), outlined certain minimum pretermination procedural elements required by the due process clause of the fourteenth amendment where an employer postpones the opportunity for an employee to have a full evidentiary hearing until after his dismissal, as in the case at bar. Generally:
 "[P]rior to termination, [an employee must receive] written notice of the reasons for termination and an effective opportunity to rebut those reasons. Effective rebuttal must give the employee the right to respond in writing to the charges made and to respond orally before the official charged with the responsibility of making the termination decision."
Thurston v. Dekle, supra (footnotes omitted).
On October 6, 1983 Long was served with notice of possible disciplinary action against him and a notice of the charge against him. A pretermination hearing on the charge was set for October 10 but was rescheduled to October 18 to give Long an opportunity to respond to the charge. The charge was explained to Long's attorney at the October 10 and October 18 hearings. At the pretermination hearing Long was informed that he could respond to the charge, although he could not cross-examine anyone. The hearing took place before *Page 935 
the manager and assistant manager of the Board, who, pursuant to Board policy, were responsible for making the initial dismissal decision.
We conclude that Long's pretermination hearing complied with the demands of Thurston v. Dekle, supra. Moreover, any deficiency that may have been present was cured by the posttermination proceedings. Minton v. Personnel Board,406 So.2d 435 (Ala.Civ.App. 1981). Long was accorded three more opportunities to review his dismissal. On December 20 Long presented his grievance to the Board and was granted a full evidentiary hearing. There is nothing in the record to show that Long was not given notice of the charge against him or that the Board was biased against him. Long's mere allegations in his complaint in support of these contentions are not sufficient to create a genuine issue of material fact. Ray v.Midfield Park, 293 Ala. 609, 308 So.2d 686 (1975).
Long's final contention is that he was denied due process because the attorney for the Board was also the prosecuting attorney.
Long cites Continental Telephone v. Alabama Public ServiceCommission, 479 So.2d 1195 (Ala. 1985), to support his contention. In Continental Telephone v. Alabama Public ServiceCommission, the supreme court held that Continental's due process rights were violated by the intervention of the Public Staff for Utility Consumer Protection as an adversary party on behalf of the governor in a rate increase hearing before the Public Service Commission where the Commission's trial staff was loaned to the Public Staff and remained Commission employees.
The facts in the above case are distinguishable from the facts of the case at bar. The attorney for the Board did not participate or intervene as an adversary party in the hearing before the Board. The attorney merely answered questions from the Board and Long's attorney. As stated in Bland v. City ofHouma, 264 So.2d 729 (La.Ct.App.), writ refused, 263 La. 11,266 So.2d 713 (1972), "`[t]here seems to be no doubt that the [Police Civil Service] Board has a right to employ independent counsel to represent it.'" In the instant case the Board served as the decision maker, and there is no evidence that the Board's attorney participated in the making of the Board's decision. Broyles v. Baton Rouge Municipal Fire Police CivilService Board, 340 So.2d 349 (La.Ct.App. 1976). We conclude that Long was provided a fair hearing.
Given the above, we find that Long has failed to allege facts showing that there is a genuine issue of fact for trial. Accordingly, summary judgment for the Board was properly granted. The circuit court's order is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.