ALFORD, Judge.
The plaintiff, Clayton A. Scrantz, appeals the trial court’s judgment upholding the decision of the Baton Rouge Municipal Fire and Police Civil Service Board (Board) which reinstated the plaintiff but refused to award back pay.
BACKGROUND
Sergeant Scrantz had been employed as a sergeant with the Baton Rouge Police Department for a number of years by September 8, 1981. On that date, he was arrested in St. Landry Parish for aggravated criminal damage to property in connection with a dispute between Sergeant Scrantz and his brother. Because of Sergeant Scrantz’s arrest for a felony, the Chief of the Baton Rouge Police Department terminated the officer’s employment effective September 8, 1981. On September 21, 1981, Sergeant Scrantz appealed his termination and on April 22,1982, the Board reduced Sergeant Scrantz’s termination to a ninety day suspension and reinstated his back pay and seniority from the date of completion of the suspension.
Sergeant Scrantz was subsequently indicted by the St. Landry Parish Grand Jury on the felony charge of aggravated criminal damage to property, and was convicted of that charge on September 16, 1983, by the trial court. The Police Chief of the Baton Rouge City Police Department again terminated Sergeant Scrantz because of his felony conviction, effective September 16, 1983. On September 23, 1983, Sergeant Scrantz appealed his firing on the grounds that the felony conviction was not final and that he was being punished a second time for the same conduct since he had already served a ninety day suspension.
On October 5, 1983, the Board notified Sergeant Scrantz, through his counsel, that the appeal hearing was scheduled for October 18, 1983. By letter dated October 14, 1983, Sergeant Scrantz’s attorney requested that the hearing be delayed until such time as the criminal conviction appeals were concluded. At the hearing on October 18, 1983, the Baton Rouge Police Department opposed the continuance. Sergeant Scrantz was advised that in order to obtain a continuance, he would have to sign a stipulation waiving all claims for back salary and benefits and the right to take tests for advancement within the police department from October 18, 1983, until his appeal was finally heard at his request. If Sergeant Scrantz preferred not to sign the stipulation, the hearing would proceed on that date and it was understood that his termination would be upheld.
Sergeant Scrantz agreed to the stipulation in order to get a continuance, and the stipulation was handwritten by the attorney for the police department and signed by Sergeant Scrantz, his attorney and the vice-chairman of the Board as the presiding officer.
On December 12, 1983, the St. Landry District Attorney’s Office agreed to a stipulation granting Sergeant Scrantz a new trial. On January 16, 1984, Sergeant Scrantz requested his appeal hearing in regard to reinstatement, and the Board scheduled his hearing for February 23, 1984. However, on February 23,1984, Sergeant Scrantz’s attorney asked for another continuance of the appeal until there was a final disposition of the charges. The Board again granted a continuance.
Thereafter, on January 29, 1985, Sergeant Scrantz filed a Motion to Quash the indictment on the grounds of failure to bring a prosecution within one year after the new trial was granted. The hearing on Sergeant Scrantz’s motion was originally set for February 8, 1985, but was passed and reset for April 26, 1985. Prior to the April 26 hearing, Sergeant Scrantz pled guilty to simple criminal damage to property, a misdemeanor, which disposed of the charges, and on March 8, 1985, he again petitioned the Board to resume his hearing. Following the hearing before the Board on April 9, 1985, Sergeant Scrantz was reinstated as of April 10, 1985, and was awarded back pay and benefits from September 16, 1983, through October 19, 1983.
*1107 Plaintiff then filed suit in District Court on April 24, 1985, against the Board and the Police Department, seeking to have the Board’s decision of April 9, 1985, reviewed as to its failure to award back pay and benefits. Thereafter, at a September 19, 1985, Board Meeting, he was awarded all other benefits including seniority, and vacation and sick leave which would have accrued from October 19,1983, through April 10, 1985, as well as the state supplemental pay for that period. However, the Board denied his claim for back regular pay from October 19, 1983, through April 10, 1985. This matter came before the court on January 16, 1987, and on March 6, 1987, the Judge signed a judgment remanding the matter to the Board requiring it to clarify its decision. Apparently, the Board complied [1] and counsel for the plaintiff, dissatisfied with the clarification, filed a motion on June 25, 1987, requesting that the case be set again for additional argument. Arguments were heard, and on November 24, 1987, the judge signed a judgment in favor of the defendants, affirming the Board’s decision.
The plaintiff then perfected this appeal contending the trial court erred in upholding the Board’s decision and that the Board decision was arbitrary in enforcing some stipulations and not others. The defendants did not appeal or answer the appeal. After a thorough review of the record, we affirm.
DISCUSSION
The duties and responsibilities of the Baton Rouge Municipal Fire and Police Civil Service Board are set forth in statutes under La.R.S. 33:2471 et seq. for municipalities between 13,000 and 250,000. La.R.S. 33:2500 provides the reasons for removal or disciplinary action against an employee and La.R.S. 33:2501 establishes the procedures to be used by employees and the Board in regard to (1) appeals by an employee from actions taken by the appointing authority and (2) appeals by an employee and the appointing authority from actions taken by the Board.
As stated in Dumez v. Houma Municipal Fire & Police Civil Service Board, 408 So.2d 403, 405 (La.App. 1st Cir.1981):
The standard of appellate review in civil service cases is the same as that which exists in judicial review. We review both law and facts, but must give great weight to the factual conclusions of the trier of fact.
Nevertheless, La.R.S. 33:2501(E)(3) specifically limits our scope of review by stating that appellate hearings on Board actions which have been taken to the proper district court “snail be confined to the determination of whether the decision made by the board was made in good faith for cause under the provisions of this Part.”
La.R.S. 33:2500(A)(8) provides that the appointing authority may remove any employee for the conviction of a felony. Subsection 350 of the City of Baton Rouge Police Department Rules and Regulations requires that any member of the Department convicted of a felony “immediately be dismissed.” Therefore, it is apparent from the record that the Board would definitely have acted in good faith for cause by upholding Sergeant Scrantz’s dismissal at its meeting on October 18,1983, which was scheduled within the thirty-day time limit imposed by La.R.S. 33:2501(A), had he not opted to sign the stipulation and have the matter continued indefinitely.
There is no indication that the plaintiff was in any way coerced into signing the stipulation whereby he relinquished his right to back pay and benefits if the Board agreed to continue the hearing until he requested it. It is readily apparent that quick action by the Board is normally in the best interest of both the employee and the appointing authority. However, in this particular case, the plaintiff did not want immediate action and was willing to relinquish back pay and benefits in order to delay the Board’s determination to a later date of his choosing. In fact, the plaintiff sought a hearing in January 1984 and, when that hearing was scheduled, asked for and received still another continuance.
*1108 Thereafter, when the plaintiff requested his hearing some eighteen months later, the Board could use both the explicit stipulation and La.R.S. 33:2501(C)(1)[2] in determining that Sergeant Scrantz’s reinstatement was to be without his regular back pay. It is evident that the Board, in good faith for cause, could have enforced the stipulations signed by Sergeant Scrantz in their entirety and disallowed not only regular back pay, but also back benefits and the right to take tests for advancement within the Police Department. Instead, the Board compromised and awarded Sergeant Scrantz back vacation and sick leave benefits and allowed him to take a promotion examination.
As an intermediate appellate court, we review the evidence presented to the Board with the presumption that the Board found facts sufficient to afford a legal .basis for its decision. Unless the record clearly shows that the Board acts arbitrarily or discriminatorily so as to abuse its discretion, the Board’s decision will not be overturned. Dumez, 408 So.2d at 406, 407. There is no evidence that the Board acted in any manner other than in good faith for cause or that the trial court erred in upholding the Board’s decision.
Plaintiff’s claim that the Board treated him differently from others similarly situated is not supported by the record. While general evidence was adduced through cross-examination at trial that other officers had received back pay when reinstated and that stipulations on back pay had not been enforced in regard to other officers, there was no evidence to show another situation or situations factually close to the one before the court. The Board must decide each case on the specific facts pertinent to that case and in so doing, the Board has discretion in its disciplinary actions. The burden of proving that the disciplinary action taken was discriminatory is upon the employee. Dumez, 408 So.2d at 407. We find no manifest error on the part of the trial court in failing to find discrimination and in finding that the Board’s failure to award back regular pay “was fair for both sides” since the plaintiff “got his quid quo pro [sic] for waiving those benefits.”
For the foregoing reasons, we find that the Board’s decision was made in good faith for cause and we affirm the judgment of the trial court. All costs of the appeal are to be borne by the appellant.
AFFIRMED.

. We note that a copy of the Board’s clarification is not contained in the record.

. La.R.S. 33:2501(C)(1) provides in pertinent part that “reinstatement shall, if the board so provides, be retroactive and entitle him to his regular pay from the time of removal, suspension, demotion, discharge, or other disciplinary action.” (Emphasis added.) Thus the Board has discretion as to whether a reinstated employee is to receive back pay.